693 P.2d 1108

**CITY OF BURLEY, Appellant,**

v.

**McCASLIN LUMBER CO., Max F. Gregerson and The City of Burley Zoning Appeals Board, Respondents.**

No. 14461.

Court of Appeals of Idaho.

Dec. 31, 1984.

Steven A. Tuft, Church, Church, Snow & Tuft, Burley, for appellant.

Herman E. Bedke and Douglas Ray Whipple, Bedke & Whipple, Burley, for respondents.

BURNETT, Judge.

We are asked to decide whether a city has standing to seek judicial review of a decision by its own zoning board and, if so, whether the board in this case erred by granting a variance under the municipal zoning ordinance. The district court ruled that the city had standing but that the board had acted correctly. For reasons explained below, we agree with the district court on the question of standing but we reverse on the issue of whether a variance should have been granted.

This appeal focuses upon the proposed conversion of rental property from a duplex into a triplex. The structure occupies a lot encompassing 6,250 square feet. The lot is located in a residential district of the City of Burley, where the zoning ordinance prohibits triplexes on lots less than 9,000 square feet in size. The ordinance also requires triplexes to have more off-street parking space than the lot in question affords.

The original property owner, Max Gregerson, started remodeling the structure without obtaining a building permit. A city inspector issued a "correction notice" directing Gregerson to stop work until he obtained a building permit and a zoning variance. Gregerson applied for the variance. While the application was pending, McCaslin Lumber Company acquired the property and succeeded Gregerson as the applicant. McCaslin presented the application to the city's zoning appeals board, which by ordinance possessed the authority to hear and to decide variance requests.

Gregerson appeared before the board and spoke in support of his original applica-tion. He explained that his intent when the remodeling began had been merely to re-wire the duplex. However, upon further examination, he discovered a need for re-plumbing the structure as well. He then decided to convert the duplex into a triplex in order to make the expanded project eco-nomically feasible. He testified that if the variance were not granted, the remodeling project likely would be abandoned. The board granted the variance, subject to re-strictions not pertinent here. The city "ap-pealed" this decision to the district court, treating the decision procedurally as though it were one rendered by the magis-trate division. Both sides eventually moved for "summary judgment" and sub-mitted affidavits in support of, or in opposi-tion to, the zoning board's decision.

Prefatorily, we note that the proper procedure would have been for the city to file a petition for judicial review under I.C. § 67–6521(d), part of the Local Planning Act, rather than to file an "ap-peal". The city's choice of terminology may have been influenced by its zoning ordinance, which authorizes an "appeal" from a zoning board decision. In any event, the district judge correctly decided the "appeal" on its merits rather than dis-missing it for procedural irregularities. *See St. Benedict's Hospital v. County of Twin Falls*, 107 Idaho 143, 686 P.2d 88 (Ct.App.1984) (holding that "complaint" filed against administrative agency should be treated as a petition for judicial review). The judge also correctly limited his review to the factual record compiled in proceed-ings before the zoning board. *See e.g., Bone v. City of Lewiston*, 107 Idaho 844, 693 P.2d 1046 (1984). The judge refrained in his decision from discussing any other facts mentioned in affidavits accompanying the self-styled motions for "summary judg-ment." In the present appeal, our scope of review is similarly constrained.

We turn first to the question wheth-er the city has standing to seek review of the zoning board's decision. The district court wrote a separate, carefully reasoned

memorandum opinion on this point. Although the opinion refers in some places to an "appeal" rather than to a petition for judicial review, the substantive analysis is sound and we adopt it. Excerpts from the opinion appear below:

Idaho Code Sec. 67–6521 of the Local Planning Act of 1975 ... provides, in pertinent part, as follows:

"67–6521. Actions by Affected Persons.

\* \* \* \* \* \*

(d) An affected person aggrieved by a decision may within sixty (60) days after all remedies have been exhausted under local ordinances seek judicial review under the procedures provided by section 67–5215(b) through (g) and 67–5216, Idaho Code."

An "affected person" has been defined as one having an interest in the real property which may be adversely affected by the issuance or denial of a permit authorizing development. Idaho Code Sec. 67–6521(a). In addition, "person" has been defined under the Administrative Procedure Act as including "any individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency." Idaho Code Sec. 67–5201(6).

Idaho Code Sec. 67–5215 provides for judicial review of decisions of administrative agencies, providing, in pertinent part, as follows:

"67–5215. Judicial Review of Contested Cases.

(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency ... is entitled to judicial review under this act."

Although Idaho Code Sec. 67–5215 does not specifically authorize a municipality's right to appeal a decision of its own Zoning Appeals Board, a municipality or town may be deemed to be an "aggrieved person" within the meaning of that section. See 101A C.J.S. *Zoning and Land Planning*, Sec. 268; 82 Am. Jur.2d *Zoning and Planning*, Sec. 347. Clearly the city, being interested in the maintenance and development of the city and the property contained therein, has an interest in the real property which may be adversely affected by the wrongful issuance of a variance by the Zoning Appeals Board .... In *City of Thornton v. Board of City Commissioners, Etc.* [42 Colo.App. 102], 595 P.2d 264 (Colo.App.1979), the court held that the city, as the owner of property adjacent to, or in the vicinity of the subject property, had standing to seek review of the actions of the zoning board. Additionally, the city has the responsibility of providing the necessary services to landowners located within the city's boundaries. As such, a wrongful issuance of a variance may impede the city's ability to properly administer the provisions of its zoning ordinance, and as a result, interfere with the orderly growth and development of the city. Thus, it is concluded that the city is an "affected person" who can be aggrieved by the wrongful issuance of a variance.

In addition, Chapter 16, Section 4–1602 of [the Burley zoning ordinance] entitles a city official to appeal to the District Court from an adverse decision of the Zoning Appeals Board. The last sentence of that section provides as follows:

"Any person aggrieved by a decision of the Zoning Appeals Board or any taxpayer, or city official, may appeal to the District Court of the State of Idaho in either Cassia or Minidoka County, Idaho."

Facing the same issue, the court in *City and County of Denver v. Board of Adjustment,* [31 Colo.App. 324] 505 P.2d 44 (Colo.App.1972) held that the city was a proper party to appeal a decision of the Board of Adjustment granting a permit to change a non-conforming use ....

It is, therefore, the conclusion of this court that the City of Burley has standing to appeal an adverse decision from its

Zoning Appeals Board to the Cassia County District Court ....

The next question is whether the zoning board properly granted the variance for a triplex. Idaho Code § 67–6516 provides that a variance "may be granted ... only upon a showing of undue hardship *because of characteristics of the site* and that the variance is not in conflict with the public interest." (Emphasis added.) Section 4–1601(c) of the Burley zoning ordinance further elaborates the requirement that any "undue hardship" must be caused by "characteristics of the site." It provides as follows:

> [Variances may be granted when] the strict application of any of the requirements of this Ordinance in the case of exceptional physical conditions, where such strict application would result in practical difficulties or unnecessary hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other case .... *No variance ... shall be granted* by the Zoning Board of Appeals *unless it finds* ... [t]hat there are *special circumstances,* or *conditions fully described in the findings,* applying to the land or building for which the variance is sought, *which circumstances or conditions are peculiar to such land or building and do not apply generally to land or buildings in the neighborhood ....* [Emphasis added.]

In this case the zoning board found that "the Petitioner had purchased the property and done extensive remodeling and improving on the building intending to change it into a three family unity [sic] in order to make it economically feasible to pay for the remodeling work." The board also found that a variance was necessary to make the remodeling project feasible. The board concluded, in language tracking the ordinance, that strict application of ordinance requirements would cause "hardships" and that "special circumstances" warranted a variance. However, the board made no determination that the "hardships" or "special circumstances" were "peculiar" to the

property in question or that they were inapplicable "generally to land or buildings in the neighborhood."

■ The general standards governing judicial review of administrative action are set forth in I.C. § 67–5215, part of the Administrative Procedure Act. The specific standards governing review of a zoning decision depend upon the nature of the power exercised in making the decision. *See Cooper v. Board of County Commissioners of Ada County,* 101 Idaho 407, 614 P.2d 947 (1980).

> *Cooper* draws a distinction between determination of general zoning policies and the application of such policies to specific situations. The former function is deemed legislative, and the latter quasi-judicial .... [A] restrained standard of review [limited to looking for capriciousness, arbitrariness or discrimination] is appropriate to such legislative determinations as the adoption of comprehensive plans or the enactment of general zoning ordinances. In contrast, a decision whether to rezone a particular parcel of property is regarded by *Cooper* as quasi-judicial....

*Gay v. County Commissioners of Bonneville County,* 103 Idaho 626, 628, 651 P.2d 560, 562 (Ct.App.1982).

■ A variance request, like a rezoning request, focuses upon a specific parcel of property. It invokes a quasi-judicial power. Moreover, a variance request contemplates no modification of the zoning ordinance. It is governed strictly by existing ordinance requirements. Therefore, in reviewing a variance decision, our function is to determine whether the zoning board's findings are supported by substantial evidence and, if so, whether the board's conclusions properly apply the zoning ordinance to the facts as found.

■ The district court held that the zoning board's findings—as far as they went—were supported by substantial evidence. We agree. Gregerson's testimony, which was largely undisputed, tended to show that converting the rental structure into a

triplex was necessary to justify the expense of remodeling. However, the court also upheld the board's conclusion of law, that the requirements for a variance had been met. On this point we believe the court erred. As noted above, the ordinance explicitly requires that any "special circumstances ... or conditions" creating the need for a variance must be "peculiar" to the property and not applicable "generally to land or buildings in the neighborhood." The board found no facts satisfying this requirement.

The variance was granted because increasing the density of the land use, from a duplex to a triplex, would make the remodeling economically feasible. However, the same could be said of any investment in rental property. When the density of land use is increased, the potential income flow also increases. An otherwise unprofitable investment, such as remodeling, may become feasible. This correlation between density of land use and the scope of feasible investments is not "peculiar" to the property at issue in this case. It could apply to rental properties anywhere.

This case illustrates a tension in public policy between the goal of upgrading a community's physical housing stock and the goal of maintaining stability in the nature and density of land uses in residential neighborhoods. Balancing these goals is a legislative task. The Idaho Legislature and the Burley City Council have struck a balance by allowing variances from zoning regulations but limiting those variances to peculiar circumstances of each site. The legislative line having been drawn, the courts and administrative entities exercising quasi-judicial powers are constrained to follow it.

We conclude that the zoning board in this case improperly granted the variance. The judgment of the district court is reversed. Costs to appellant, the City of Burley. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.