764 P.2d 431

Duane LOWERY and Joanne Lowery, husband and wife, Appellants–Respondents on Appeal,

v.

The BOARD OF COUNTY COMMISSIONERS FOR ADA COUNTY, Ed Riddle, Doyle Miner and Michael L. Johnson, Commissioners, Respondents–Appellants on Appeal,

and

David C.P. Hayes and Robin L. Hayes, husband and wife, Respondents.

No. 16924.

Court of Appeals of Idaho.

July 6, 1988.

Greg H. Bower, Pros. Atty., Susan D. McColl, Deputy Pros. Atty., Boise, for respondents-appellants on appeal.

John P. Connolly, Connolly & Smyser, Boise, for appellants-respondents on appeal.

WALTERS, Chief Judge.

A district judge reversed the approval of a conditional use permit and zoning certificate by the Ada County Board of Commissioners. The court awarded court costs and attorney fees to the appellants below. This appeal by the county and the companion appeal by the original applicants present us with an opportunity to examine a district judge's authority to finally resolve zoning-related matters and to review the limits of the district court's discretion when awarding costs and attorney fees to the prevailing party. For the reasons set forth below, we uphold the court's order reversing the county's decision to issue the permit and certificate, but we set aside the order awarding attorney fees against the county.

We begin by summarizing the facts and procedural history that frame the issues on appeal. In 1906, Wayne and Nellie Frost owned a large parcel of land in Ada County. This parcel was bordered on the west by what is now Pollard Lane and on the north by the Phyllis Canal. In that year, the Frosts deeded the eastern portion of their property to Willard Thompson. That document also conveyed a thirty-foot easement across the remainder of the Frost property from Pollard Lane to the Thompson parcel. In 1971, the subsequent owner of the Frost property subdivided it into tracts of approximately ten acres each. In 1982 Duane and Joanne Lowery came into possession of one of these tracts, which is adjacent to Pollard Lane and immediately south of the Phyllis Canal. In 1983, David and Robin Hayes acquired the tract directly to the east between the Lowery's property and the former Willard Thompson parcel.

David Hayes began to operate a veterinary clinic out of that site, but soon learned that Ada County's zoning ordinance required a conditional use permit for such nonagricultural uses. On July 26, 1984, and over the objections of the Lowerys, the Ada County Planning and Zoning Commission (the Commission) granted a conditional use permit to the Hayes. The Lowery's subsequent appeal was denied by the Board of Ada County Commissioners (the Board). The Lowerys then sought review by the district court. While that appeal

was pending, the Hayes sought and obtained a zoning certificate for the veterinary clinic. The Lowerys appealed that decision to the Commission and then to the Board. These appeals were denied. As a result, the Lowerys also challenged the zoning certificate in district court.

The conditional use permit and zoning certificate appeals were consolidated. The Board of County Commissioners of Ada County and the Hayes were both named as respondents. Following briefing by all parties, oral argument, and a review of the record, the district court ruled that, as a matter of law, the Hayes' property did not comply with a county ordinance provision requiring an "easement of record." Therefore, the court reversed the Board's decisions upholding issuance of the conditional use permit and the zoning certificate. The court's order "denied" the permit and the certificate.

The Lowerys moved for an award of costs and attorney fees pursuant to I.A.R. 40 and 41, I.R.C.P. 54, and I.C. §§ 12–120 and –121. Following oral argument, the court concluded that "[t]he position asserted by the respondents on the critical issue before the Court was frivolous and without foundation in law and fact." Accordingly, the court awarded costs and $3,961.00 in appellate attorney fees to the Lowerys against both the Hayes and the Board pursuant to I.R.C.P. 54(d)(1) and I.C. § 12–121.[1]

The Hayes and the Board have made no challenge to the district court's substantive holding that issuance of the permit and certificate controverted county standards. Therefore, that conclusion stands unquestioned. But the Board contends that the district court erred procedurally by outright reversing the county's decision, and by denying the permit and certificate instead of remanding the case to the Board with appropriate directions. The Hayes and the Board have separately appealed from the award of attorney fees. In this opinion, we consider the issues and arguments raised by the Board. In the companion appeal we address those raised by the Hayes. We turn first to the Board's challenge to the form of the district court's decision.

I

When appealing to the district court, the Lowerys sought a remand with instructions to the Board. Instead, the district court's memorandum decision and order concludes:

The Board of Ada County Commissioners' decision to grant a conditional use permit and zoning certificate is therefore reversed and the conditional use permit and zoning certificate are hereby denied.

The Board contends that the court erred by denying the permit and the certificate and, instead, should have remanded the case for entry of an appropriate decision. The Board asserts that the form of the court's decision is unduly rigid, ignoring the possibility that the relevant ordinance could be amended or that new proof of a recorded easement may be discovered. The Board interprets the district court decision as failing to "preserve" even those findings of fact and conclusions of law which the district court did not hold to be erroneous, and to nullify the prior record for purposes of any new application by the Hayes.

The district court's role in an action such as this one is well established. An appeal to the district court from a decision of a governmental board, not involving a trial de novo, is governed by the standards set forth in the applicable statutes of this state. I.R.C.P. 83(u)(3). Judicial review of permits issued pursuant to the authority granted by Idaho's Local Planning Act is conducted under the procedures outlined in I.C. §§ 67–5215(b) through (g) and § 67–5216. I.C. § 67–6519. In particular, section 67–5215(g) provides:

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for

---

1. No award was made under I.C. § 12–117 because the county is not a state agency subject to that statute. *See* I.C. § 67–5201(1).

further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

    (1) in violation of constitutional or statutory provisions;

    (2) in excess of the statutory authority of the agency;

    (3) made upon unlawful procedure;

    (4) affected by other error of law;

    (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;  or

    (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Board refers us to instances where our Supreme Court has held that a remand to a governmental board was required. For example, in *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 655 P.2d 926 (1982), the Court held that judicial review was impossible and a remand necessary where no findings of fact or conclusions of law were in the record. *See also, e.g., Love v. Board of County Commissioners of Bingham County*, 105 Idaho 558, 671 P.2d 471 (1983). In contrast, in *City of Burley v. McCaslin Lumber Co.*, 107 Idaho 906, 693 P.2d 1108 (Ct. App.1984), we found it unnecessary to remand a case where both the Burley Zoning Appeals Board and the district court incorrectly concluded, as a matter of law, that a variance from housing density limitations could be granted in order to make a remodeling project economically feasible.

■ The instant record reveals that each party had extensive opportunities to present evidence to the Commission and the Board on the critical issue, which was access to the Hayes' property by an "easement of record" as required by a county ordinance. The district court accepted the facts found by the Board; however, the

court found no evidence of an "easement of record." Therefore, the court concluded that the decision to grant the zoning certificate was tainted by an error of law. Condition number seven of the conditional use permit required that the Hayes "[p]rovide evidence of easement for use of private road to property." The court apparently concluded that, lacking an easement of record, condition number seven could not be satisfied.[2]

■ Our review of the full text of the court's decision reveals nothing in support of the Board's speculation that if there were a change in circumstances, or in the ordinance, the county would be precluded from relying upon any part of its record or decision that has not been set aside in this case. Nevertheless, the county is right insofar as it contends that the district court's role was to determine the propriety of the county's motion, but not to displace the county by "denying" the certificate and permit directly. *See generally* 2 AM.JUR. 2d *Administrative Law* § 765. Therefore, we uphold the court's decision on the merits but we modify the decision to provide that the case is remanded to the county for action consistent with the court's ruling on the question of law presented in the appeal.

## II

### A

We begin our examination of the district court's award of attorney fees by addressing an issue raised by the Lowerys concerning the timeliness of the Board's objection to Lowery's request for costs and fees asserted in the proceeding below. The Lowery's motion for allowance of costs and attorney fees was filed on December 11, 1986. The Board's objection to that claim was filed on December 24. At a subsequent hearing the Lowery's counsel contended the objection was untimely, but the district court allowed "the objection" to be

---

2. At oral argument we sought clarification of the district court's reasoning on this point. Neither party was able to satisfactorily explain how the failure to prove an easement of record mandated denial of the conditional use permit as

distinguished from the zoning certificate itself. However, the Board has not argued that the court erred in that respect. Therefore, we will not disturb the court's conclusion.

heard and considered the question of costs and fees on its merits.

On appeal, the Lowerys again contend the objection was not timely pursuant to I.R.C.P. 54(d)(6) and 54(e)(6) which, at that time, required that a "motion to disallow" costs and attorney fees be filed within ten days of service of the memorandum of costs and fees.[3] The parties apparently were served with the Lowery's memorandum on December 11, 1986. The Lowerys assert that, despite the district court's decision to decide the matter on the merits, the December 24th response was untimely.

■ Failure to timely object to a memorandum of costs and attorney fees constitutes a waiver of the right to contest the entitlement to the costs or fees. *Farber v. Howell*, 111 Idaho 132, 721 P.2d 731 (Ct. App.1986); *Fearless Farris Wholesale v. Howell*, 105 Idaho 699, 672 P.2d 577 (Ct. App.1983); *Operating Engineers Local Union 370 v. Goodwin Construction Co. of Blackfoot*, 104 Idaho 83, 656 P.2d 144 (Ct.App.1982). The period for filing an objection may be enlarged at the discretion of the trial court. *Wheeler v. McIntyre*, 100 Idaho 286, 596 P.2d 798 (1979); I.C.R.P. 6(b). The lack of an objection does not preclude the court from exercising its discretion in deciding whether to award attorney fees. *Long v. Hendricks*, 109 Idaho 73, 705 P.2d 78 (Ct.App.1985). Nor must the court automatically award the full amount sought. *Fearless Farris, supra.*

■ Moreover, the Lowery's argument overlooks the fact that their memorandum was served by mail.

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period.

I.R.C.P. 6(e)(1). In addition, the day when service is made will be excluded in computing the period of the prescribed time. I.R.

C.P. 6(a). Thus, the Board's objection, filed thirteen days after the request for costs and fees, was timely.

Accordingly, we hold that the Board timely and satisfactorily objected to the Lowery's motion for attorney fees. We now turn to the merits of the court's decision to award those fees.

**B**

■ Initially, we note that the district court relied only upon I.C. § 12–121 for its authority to award fees. When a district court reviews a government board's decision pursuant to I.C. § 67–5215, that court acts in an appellate capacity. *See Ferguson v. Board of County Commissioners for Ada County*, 110 Idaho 785, 718 P.2d 1223 (1986). Therefore, the court's award of costs and attorney fees is also governed by I.A.R. 40 and 41, respectively. *Cf. Griffin v. Griffin*, 102 Idaho 858, 642 P.2d 949 (Ct.App.1982). Here, the oversight in resorting only to I.C. § 12–121 is of no consequence because the same standard is applicable whether the court follows § 12–121 under I.R.C.P. 54(e)(1), or follows Rule 41 of the appellate rules. The court's discretionary authority to award fees when governed by either set of rules is dependent upon a finding by the court that the appeal was "brought, pursued, or defended frivolously, unreasonably or without foundation." *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

■ When an exercise of discretion—such as the award of fees in this case—is reviewed on appeal, we conduct a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by the exercise of reason. *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct.App.1987);

---

**3.** Effective November 1, 1987, these rules were amended to allow fourteen days within which to object to a claim for costs or fees.

*Standards of Appellate Review*, IDAHO APPELLATE HANDBOOK § 3.4 (Idaho Law Foundation, Inc. 1985). In determining whether to award attorney fees the court must consider all relevant factors. *Camp v. Jiminez*, 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984). A discretionary award of attorney fees must be supported by findings and those findings must be supported by the record. *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 684 P.2d 307 (Ct.App.1984).

■ Here, the district court properly identified the issue as one of discretion. The next question is whether the judge's alternatives were governed by particular legal standards. The court correctly stated the governing rule: attorney fees are permitted if the appeal was brought, pursued, or defended unreasonably or without foundation. *Griffin v. Griffin, supra.* A defense is not frivolous or groundless merely because the respondent loses. *See Associates Northwest, Inc. v. Beets, supra.* Where questions of law are raised, attorney fees should be awarded under I.C. § 12–121 only if the nonprevailing party advocates a plainly fallacious, and, therefore, not fairly debatable, position. *Id.*

A misperception of law or of one's interest under the law is not, by itself, unreasonable conduct. If it were, virtually every case controlled by a question of law would entail an attorney fee award against the losing party under I.C. § 12–121. Rather, the question must be whether the position adopted by the owner was not only incorrect but so plainly fallacious that it could be deemed frivolous, unreasonable or without foundation.

*Wing v. Amalgamated Sugar Co.*, 106 Idaho at 911, 684 P.2d at 313.

■ The district court concluded that the Lowerys must prevail because a review of the relevant documents revealed no "easement of record" to the Hayes' property. The Hayes' argument to the contrary—which evidently persuaded the county's planning staff, the planning and zoning commission, and the board of county commissioners—centered on an alternative interpretation of rather vague references in deeds to an easement along the southern boundary of their property to the Thompson place. At a hearing before the Board a title insurer called as a witness by the Hayes opined that, beginning with a 1906 deed, the intent was demonstrated to convey an easement benefiting all of these properties. The Board ultimately concluded "that evidence presented at the public hearing indicates an access easement, servicing the Hayes property, did in fact exist prior to May 20, 1968 as required in Section 22.3 of the Zoning Ordinance." [4] Although not included in the record, we can take judicial notice of city and county ordinances. *City of Lewiston v. Frary*, 91 Idaho 322, 420 P.2d 805 (1966).

Section 22.3 provides:

Except as permitted by other provisions of this ordinance, no building shall be constructed for use in whole or in part for residential, commercial or industrial purposes unless such lot or parcel abuts and/or has had continuous frontage as required on a public street, except where such lot or parcel has a permanent access easement to a public street which was of record prior to the effective date of this ordinance, or upon a private street which has been designated as such by the board after recommendation by the commission after acceptance of an application and fee for a private road.

The parties apparently agree that section 22.3 of the ordinance applies to the Hayes' property as a result of a 1984 amendment to the zoning ordinance. That new section, 21.241, provided:

Nonconforming Lot—Any parcel of land which was created prior to or in compliance with the provisions of the Ada County Zoning and Subdivision Ordinance which were in effect at the time such parcel was created shall be considered a lot even though it may not conform to the design and dimensional standards of this ordinance, provided

4. Section 22.3 of Ada County's zoning ordinance has been the subject of litigation at least once

before. *See Olson v. Ada County*, 105 Idaho 18, 665 P.2d 717 (1983).

that such lot complies with Section 22.3, Access to Public Streets.[5]

The specific standards governing review of a zoning decision depend upon the nature of the power exercised in making the decision. *City of Burley v. McCaslin Lumber Co.*, 107 Idaho at 909, 693 P.2d at 1111. Both a conditional use permit and a zoning certificate focus upon a specific parcel of property and, like variances and individual parcel rezones, are governed strictly by existing ordinance standards and requirements. Therefore, when reviewing such decisions, the appellate court's function is to determine whether the government board's findings are supported by substantial evidence and, if so, whether the board's conclusions properly apply the zoning ordinance to the facts as found. *See Cooper v. Board of County Commissioners of Ada County*, 101 Idaho 407, 614 P.2d 947 (1980); *cf. City of Burley v. McCaslin Lumber Co., supra.*

Of course, an appellate court reviewing unambiguous documents is not bound by the lower tribunal's interpretation of their legal effect. *See DeLancey v. DeLancey*, 110 Idaho 63, 714 P.2d 32 (1986). On appeal to the district court, the Board defended its interpretation of the deeds in nearly all respects. However the Board consistently deferred to the Hayes for presentation of argument on the critical question of whether there was an easement of record. The district court determined that—as a matter of law—the existing easement benefited the Thompson property, but was a *burden* on the Hayes' property, not a means of access to the Hayes' property. The Board does not contest the correctness of this ruling. However, the Board contends that it should not have been subjected to an award of attorney fees because it had no alternative but to respond to the appeal once its decision had been made. It also contends that, as a quasi-judicial body, it should not be encumbered with fees for committing an error of law.

The district court reasoned that the Board should bear a part of the Lowery's attorney fees because the appeal was defended frivolously and without foundation.[6] The court said:

> The respondents were obligated to make certain that there was at least some basis in law or fact for the legal position asserted in these proceedings. The County relied on the Hayes to assert the existence of an easement. The County adopted the Hayes' argument which was characterized from the beginning of the case by confusion and obfuscation and an absence of any reasonable basis for a belief that an easement of record existed.... [T]he appellate process in district court was not rushed. There was time to analyze the law and the record. Skilled legal counsel were involved. There was no reason, once the appellate process was sufficiently underway, for the lack of foundation of the easement argument not to be manifestly apparent and for appropriate action to be taken. It was not.

Therefore, the court concluded that the County should share the responsibility for expenses incurred by the Lowerys on appeal from the Board's decisions.

■■■■ As the district court acknowledged, prior to the appeal, the Board was a passive participant in this quasi-judicial proceeding. However, a district court may award fees pursuant to section 12–121 against an administrative tribunal that undertakes a frivolous appeal. *See, e.g., Bogner v. State Dept. of Revenue and Taxation*, 107 Idaho 854, 693 P.2d 1056 (1984). A county is not immune from an award against it for costs and fees on appeal. *See, e.g., Merris v. Ada County*, 100 Idaho 59, 593 P.2d 394 (1979); *see also Averitt v. City of Coeur d'Alene*, 100 Idaho 751, 605 P.2d 515 (1980) (costs and fees awardable against municipality).

At oral argument before the district court, with respect to the easement, the

---

**5.** The Hayes' property apparently does "not conform to the design ... standards" of the ordinance with respect to other more direct access requirements.

**6.** See the companion case, *Lowery v. Hayes*, 16935 Idaho (Ct.App.1989), for our analysis of the Hayes' argument that their defense was not frivolous or without foundation.

Board's counsel stated: "All right, Your Honor, I'm not going to go too much in depth into the access question. That will be [Hayes' counsel's]." The Board's counsel offered no legal argument; instead counsel merely recounted the evidence that had been presented to the Board and speculated as to the Board's reasoning. The Board took the same approach in its brief, stating:

> An extensive analysis of the status of this historical access easement will be left for the brief of Respondents, but suffice it to say that the Board having concluded that although substantial and conflicting testimony concerning the status of the historical access easement existed, there was substantial evidence concerning past use of the southern access.

A summary of that evidence was set forth. Accordingly the Lowerys now assert that the Board should bear responsibility because its attorney should have discovered, and somehow corrected, the Board's mistake of law. More generally, the Lowerys argue that the Board should be held responsible for its error.

 When acting upon a quasi-judicial zoning matter the governing board is neither a proponent nor an opponent of the proposal at issue, but sits instead in the seat of a judge. *See Cooper v. Board of County Commissioners of Ada County, supra.* Idaho Code § 62–5215(b–g) provides the exclusive procedure for appealing adverse decisions under I.C. § 67–6519. *Bone v. City of Lewiston,* 107 Idaho 844, 693 P.2d 1046 (1984). Ordinarily, once an appeal has been filed or a petition for review granted, the lower tribunal is deprived of the jurisdiction necessary to correct its decision. *See, e.g., First Security Bank v. Neibaur,* 98 Idaho 598, 570 P.2d 276 (1977); *Dolbeer v. Harten,* 91 Idaho 141, 417 P.2d 407 (1965); *Richardson v. Bohney,* 18 Idaho 328, 109 P. 727 (1910). *But see* I.C. § 67–5215(c) (appeal does not automatically stay enforcement of decision below). Although named as a respondent on appeal the government board's role is limited to defending its decision below.

In the instant case, the Ada County Board now acknowledges having committed an error of law. Neither the Board nor its counsel actively advocated the position found to be frivolous by the district court. Instead, the Board apparently tried to maintain a passive, nonpartisan and removed posture on appeal, while at the same time explaining its decision below. Admittedly, a court-approved division of the issues between the respondents is not presented in the record. But an actual practice of restraint by the Board is evident. After reviewing the record of the intermediate appeal, we conclude that the district court mischaracterized the Board's role on appeal as one of active advocacy of the Hayes' position on the easement question.

 We hold that the district court erred in deeming the Board's response to the Lowery's appeal as frivolous and without foundation. We do *not* hold that circumstances could never exist where an administrative or government tribunal could be subjected to an award of attorney fees to an appellant for frivolously defending its decision below. We conclude only that actions of this Board and its counsel in this proceeding did not justify an award of fees. The order awarding fees against the county is therefore set aside.

As to attorney fees on the appeal before us, the posture of the parties on appeal to this court is quite different from that below. *See, e.g., Gulf Chemical Employees Federal Credit Union v. Williams,* 107 Idaho 890, 693 P.2d 1092 (Ct.App.1984). Only the issues of the award of attorney fees and the proper form of the court's order have been raised. Each question was fairly debatable. Accordingly, no attorney fees are awarded on appeal. Costs on appeal to the Board.

BURNETT and SWANSTROM, JJ., concur.