**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47654**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 20, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| JAREE HECK, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge. Hon. Stacey DePew, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for vicious dog at large, <u>affirmed</u>.

Adam J. Ondo, Jerome County Public Defender, Jerome, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jaree Heck appeals from the decision of the district court, on intermediate appeal from the magistrate division, affirming a judgment of conviction for vicious dog at large. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Heck's pit bull ran through the open gate of Heck's fenced front yard and attacked her neighbor as he stood in his driveway, leaving him with bloody bite wounds to both hands, one of which required sutures. Heck was initially cited with violating Jerome City Ordinance (J.C.O.) 6.08.030 for allowing a vicious dog to run at large. Although Heck originally pled guilty, she moved to withdraw her plea on the basis that she "did not understand the differences between

1

Jerome City Code § 06.08.030 and § 06.08.020." The magistrate court granted Heck's motion and the State subsequently amended the charge to dog at large.

Prior to trial, the magistrate court held a hearing at which the parties debated whether there was a distinction between dog at large and vicious dog at large because Heck sought to exclude evidence that the dog was vicious, including evidence that the dog bit the victim. The magistrate court ultimately concluded that, reading J.C.O. 06.08.020 and 06.08.030 together, the State could pursue a charge of vicious dog at large. Consequently, the jury instructions included the adjective "vicious" in describing the dog that was alleged to be at large.

After the conclusion of the State's case-in-chief and again prior to submitting the case to the jury, Heck moved for a judgment of acquittal, arguing that there was insufficient evidence to prove that her dog was more than six months old as required to bring the animal within the J.C.O.'s definition of "dog." The magistrate denied Heck's request for an acquittal on this basis, concluding that whether a dog under six months old could inflict the damage depicted in the photographs admitted as exhibits was a question of fact for the jury. A jury found Heck guilty of vicious and dangerous[1] dog at large.

After the denial of a post-verdict motion for judgment of acquittal, Heck appealed to the district court, challenging the jury instructions and the denial of her motions for judgment of acquittal.[2] The district court affirmed Heck's judgment of conviction. Heck again appeals.

## II.

### STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of

---

[1] It is unclear why or how the word "dangerous" was added to the verdict form; however, Heck did not challenge the additional descriptor nor is the inclusion of the word an issue on appeal.

[2] Heck also challenged the magistrate court's restitution award. However, Heck has not reasserted this challenge on appeal to this Court.

2

the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Heck argues that the jury instructions permitted her conviction for the nonexistent offense of vicious dog at large and that her motions for judgment of acquittal were erroneously denied because the evidence was insufficient to support the jury's finding that her dog fell within the definition of "dog" under Section 6.08.030. The State responds that the jury instructions were correct and that there is sufficient circumstantial evidence to support the jury's guilty verdict. We hold that Heck has failed to show reversible error in the jury instructions or that the jury's verdict is unsupported by substantial evidence.

### A.      Jury Instructions

Heck first argues that the jury instructions were defective because they permitted the jury to find her guilty of a nonexistent offense because vicious is not an element of a dog at large charge. In response, the State asserts that, because this Court reviews the district court's decision on intermediate appeal rather than the magistrate court's decision and because Heck has only argued that the magistrate court erred, we should affirm the district court on this procedural ground. On the merits, the State contends that, when read as a whole, the J.C.O. criminalizes the act of permitting a vicious dog to run at large within city limits and the jury was properly instructed on that offense. In response to the State's procedural argument, Heck contends that this Court's standard of review from intermediate appeals includes some review of the magistrate court decision and that, in any event, the district court's analysis was "substantially similar" to the magistrate court's analysis. Thus, Heck asserts that, by arguing the magistrate court erred, she was "implicitly" arguing that the district court also erred. We hold that Heck has adequately framed the issues on appeal such that we will consider the merits of her claims of error. We further hold that, although there is no independent crime of vicious dog at large under the J.C.O., including the word "vicious" in the jury instructions as an adjective describing the dog, and requiring the jury to make such a finding, was superfluous and does not constitute reversible error.

3

We first address the State's procedural argument. As Heck correctly noted in reply, the standard of review applicable to intermediate appellate decisions does not disregard the magistrate court's decision. Rather, the standard provides that this Court reviews the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Korn*, 148 Idaho at 415, 224 P.3d at 482. But, as a matter of appellate procedure, we affirm or reverse the decision of the district court. *Trusdall*, 155 Idaho at 968, 318 P.3d at 958. Thus, any suggestion that the magistrate court's decision on review from an intermediate appeal is irrelevant is inaccurate. Moreover, Heck's statement of the issue on appeal relative to the elements instruction reads: "Was the elements instruction incorrect?" The statement itself did not identify any court subject to review but, instead, identified the *issue* presented on appeal. This was appropriate under I.A.R. 35(a)(4) (setting forth the requirements for stating the issues on appeal). Heck also presented argument and authority in support of her challenge to the elements instruction. This satisfied the applicable appellate standards for consideration of an issue on appeal. *See* I.A.R. 35(a)(6) (providing that the appellant's brief should contain the appellant's arguments with respect to the issues on appeal with citations to authority and the record); *State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019) (noting the appellate court's "main concerns" are whether the party relied on conclusory arguments, provided authority to support arguments, and made an attempt to address factors relevant to decision on the issues presented); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (requiring a party to support issues with authority and argument).

Although Heck's argument referenced the magistrate court's rationale underlying the elements instruction, because she identified the issue on appeal as the accuracy of the elements instruction and provided argument and authority in support of her claim, we see no basis for declining to consider the merits of her instructional error claim for failing to specifically identify the district court as a source of error. This conclusion is reinforced by the nature of the issue, which presents a question of law such that there are no findings or conclusions by either lower court to which we defer. *See State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009) (noting that whether the jury has been properly instructed is a question of law subject to free review).

4

The magistrate court instructed the jury on the elements of vicious dog at large in Instruction 18. The instruction reads as follows:

> In order for [Heck] to be guilty of Vicious Dog at-large, the state must prove each of the following:
> 1. On or about October 18, 2018
> 2. In the State of Idaho
> 3. [Heck] was the owner of a vicious dog
> 4. And permitted the dog to
> 5. Run at-large within the city limits.
>
> If each of the above has been proven beyond a reasonable doubt, you must find [Heck] guilty. If any of the above has not been proven beyond a reasonable doubt, you must find [Heck] no [sic] guilty.

Whether the J.C.O. specifically criminalizes permitting a vicious dog to run at large within the city is a question of interpretation. The rules governing the interpretation of city ordinances are the same as those applied to the interpretation of statutes. *See State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the Court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Both the magistrate court and the district court recognized that Section 6.08.020 makes it a misdemeanor for the owner or keeper of any dog to allow the animal to run at large within the City of Jerome. That ordinance provides, in pertinent part:

> A.      It shall be unlawful for any owner or keeper of any dog, whether or not the same has been licensed, to permit such dog, at any time, to run at-large within the city.
> B.      Any person violating this section shall be served with a uniform citation signed by an animal control officer, police officer or citizen who has actually witnessed the occurrence of such violation. Any such violation shall be a misdemeanor, punishable pursuant to Section 6.08.170 of this chapter.

The lower courts interpreted Section 6.08.030 as establishing additional penalties that could be imposed if the dog running at large was vicious. For example, Section 6.08.030(D) authorizes an animal control officer or other designated individual to declare a dog vicious and issue a written

5

order to the animal's owner and requiring him or her to take certain protective measures--like spaying or neutering the dog or posting warning signs. Additionally, Section 6.08.030(B) authorizes the city attorney to move for an order to euthanize a dog in cases where a person has been charged or cited with "the offense of owning or having custody of a vicious or dangerous dog or other animal pursuant to the provisions of [Chapter 6.08]." Based upon the reference to an offense of owning or having custody of a vicious dog in Section 6.08.030(B) and a provision in Section 6.08.170 declaring violations of the provisions of Chapter 6.08 a misdemeanor, the district court, on intermediate appeal, reasoned that Heck could be charged with a misdemeanor for owning or having custody of a vicious dog at large. Consequently, the district court concluded that the jury instructions were not defective.

Heck concedes that Section 6.08.020 makes it a misdemeanor for an owner to allow his or her dog to run at large. However, Heck argues that there is no independent crime of allowing a vicious dog to run at large. We agree for three reasons. First, only two provisions within Section 6.08.030 expressly identify conduct as a misdemeanor or constituting an "offense," but neither provision criminalizes allowing a vicious dog to run at large. Section 6.08.030(B) suggests that owning or having custody of a vicious dog is a criminal offense. Section 6.08.030(B) states, in pertinent part:

> In any case where a person has been charged or cited with the offense of *owning or having custody of a vicious or dangerous dog* or other animal pursuant to the provisions of this chapter, the city attorney may file a motion requesting destruction of the animal prior to a final adjudication of the criminal charges.

(Emphasis added.) However, even if Section 6.08.030(B) is construed as prohibiting ownership or having custody of vicious dogs and not authorizing the city attorney to take an action in cases arising from an offense established and defined elsewhere, nothing in the section's text suggests that allowing a vicious dog to run at large or anything more than mere ownership or custody is necessary to commit the offense. The only other section of 6.08.030 that expressly identifies conduct constituting a criminal offense is Section 6.08.030(E), which states that it is a misdemeanor to violate a lawful, written order requiring the owner of a vicious dog to take certain

protective measures in relation to the dog.[3]  Accordingly, in the absence of a lawful, written order, the owner of a vicious dog could not be held criminally liable under Section 6.08.030(E) for allowing a vicious dog to run at large.

Second, although Section 6.08.170 makes any violation of the J.C.O. a misdemeanor, no provision of Section 6.08.030 (including those provisions that do not identify conduct as constituting a criminal offense) expressly imposes an affirmative obligation upon an owner to keep a vicious dog from running at large.  Rather, the only obligations expressly imposed upon the owners of a vicious dog are the payment of a fee to the clerk of the city if a dog is impounded and compliance with any written order issued under Section 6.08.030(D).[4]  *See* J.C.O. §§ 6.08.030(C) & (D).  And again, even if Section 6.08.030(B) is construed as prohibiting ownership or having custody of vicious dogs, the section would not obligate an owner or person having custody of a vicious dog to keep it from running at large.

Finally, Section 6.08.030 does not establish a sentencing enhancement for the offense of dog at large under Section 6.08.020(A) when the dog allowed to run at large is vicious.  Rather, the sanctions that may be imposed on the owner of a vicious dog under Section 6.08.030 are civil sanctions, not criminal penalties.  All of the sanctions contained in Section 6.08.030 are predicated upon a finding that the individual is the owner or keeper of a vicious dog.  This finding is made by

---

[3]     Jerome City Ordinance 6.08.030(D) authorizes certain individuals to declare a dog vicious and issue a written order requiring the owner to take certain protective measures. Section 6.08.030(D) provides, in pertinent part:

> Upon a finding by the animal control officer or designee of the chief of police that a dog is a vicious dog, either because 1) the dog has bitten, clawed or otherwise harmed a person or other domestic animal, or 2) the dog, because of its temperament or habits, is an imminent threat to the health and safety of the public because it is overly aggressive, frequently unrestrained, or uncontrollable, the animal control officer or designee of the chief of police may . . . issue a written order informing the owner that the dog has been found to be a vicious dog and requiring the owner to do any one or combination of [various protective measures].

[4]     Jerome City Ordinance 6.08.030(C) provides:

> Any person keeping or owning a dog taken up or impounded under this section shall pay to the clerk of the city or any animal control officer on behalf of the city a sum to be fixed by resolution of the city council from time to time for confinement after the day the dog is taken up.

an animal control officer or other individual designated by the chief of police, not a neutral factfinder. *See* J.C.O. § 6.08.030. The owner of a dog classified as vicious may seek judicial review of that finding. *Id.* However, the owner bears the burden of proving that his or her dog is not vicious. *Id.* This is a quintessential civil procedure, not a criminal one.

In sum, Section 6.08.030 does not specifically criminalize allowing a vicious dog to run at large, nor are the sanctions authorized under that section enhanced criminal penalties. Regardless, permitting any dog, vicious or otherwise, to run at large is a crime under the J.C.O. And, as Heck conceded during her trial, Instruction 18 required the jury to find all the facts necessary to find Heck guilty of dog at large under Section 6.08.020(A). The only error in Instruction 18 was that it also required the jury to find one additional and unnecessary fact--that Heck's dog was vicious. In other words, the jury necessarily had to find Heck guilty of dog at large to find her guilty of vicious dog at large. While the elements instruction erroneously required the jury to find Heck's dog was vicious as defined in the J.C.O., that error neither prejudiced Heck nor vitiated the jury's verdict finding her guilty of dog at large. Thus, we find no reversible error in the jury instructions. *See State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2008) (explaining that instructional error that does not affect the entire deliberative process is harmless).

In sum, Section 6.08.030 does not specifically criminalize allowing a vicious dog to run at large, nor are the sanctions authorized under that section enhanced criminal penalties. Regardless, permitting any dog, vicious or otherwise, to run at large is a crime under the J.C.O. And, as Heck conceded during her trial, Instruction 18 required the jury to find all the facts necessary to find Heck guilty of dog at large under Section 6.08.020(A). The only error in Instruction 18 was that it also required the jury to find one additional and unnecessary fact--that Heck's dog was vicious. In other words, the jury necessarily had to find Heck guilty of dog at large to find her guilty of vicious dog at large. While the elements instruction erroneously required the jury to find Heck's dog was vicious as defined in the J.C.O., that error did not vitiate the jury's verdict finding Heck guilty of dog at large. Nor did the error prejudice Heck. The addition of the viciousness element did not limit Heck's ability defend against a charge of dog at large, nor does Heck allege that the addition of the viciousness element misled or embarrassed her defense in some manner. Moreover, as set forth above, the jury's viciousness finding did not expose Heck to greater criminal penalties. Thus, we find no reversible error in the jury instructions. *See Perry*,

8

150 Idaho at 224, 245 P.3d at 976 (explaining that instructional error that does not affect the entire deliberative process is harmless).

## B.    Sufficiency of the Evidence

Heck contends that there was insufficient evidence to establish that her dog was more than six months old as required for the animal to be considered a dog under J.C.O. Section 6.08.030. The State responds that, as found by the district court, there is sufficient circumstantial evidence to support the jury's finding that Heck's dog was more than six months old.[5] We hold that Heck has failed to show that the jury's finding was not supported by substantial evidence.

Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence.  *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969).  Even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt.  *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*,

---

[5]    The State also advanced its procedural argument in relation to Heck's sufficiency of the evidence claim, asserting in a footnote that this Court may affirm on this issue based on her failure to identify any error by the district court.  The merits of Heck's sufficiency of the evidence claim are properly before this Court.  As with Heck's instructional error claim, her sufficiency of the evidence claim is subject to free review.  While Heck's statement of the issues with respect to the sufficiency of the evidence included an assertion that the magistrate court erred in denying her motion for judgment of acquittal, which was based on a claim of insufficient evidence, she also included the following issue:  "Is there sufficient evidence to sustain the verdict of guilty?"  Ultimately, these two issues are the same and present a single claim related to whether the State presented sufficient evidence to sustain the jury's guilty verdict.  Heck presented argument and authority in support of her claim that the evidence was insufficient and, as such, the merits of her sufficiency claim are properly before us.

121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

All the provisions of the J.C.O. governing dogs do not apply to dogs of all ages. Section 6.08.010[6] defines the term "dog" for purposes of Chapter 6.08 of the J.C.O. Under Section 6.08.010, a dog is "[a]ny member of the animal species Canis Familiars six (6) months of age or older." Thus, for Heck's dog to fall within the ambit of Chapter 6.08 of the J.C.O., the animal had to be at least six months old on the day of the attack. Although no witness testified to the exact age of Heck's dog, we agree with both the magistrate court and the district court that there was a constellation of circumstantial evidence from which the jury could infer that the dog was more than six months old.

First, testimony from Heck and the victim indicated that the dog was *at least* two months old on the day of the attack. Heck testified that she owned the dog when she became the victim's neighbor in August of 2018, and the victim testified that the attack occurred in October of 2018.

Second, testimony regarding the aggressiveness of Heck's dog suggested that it was a mature animal. The victim and officers who responded to the attack testified to the dog's aggressiveness. The victim further testified that he was able to fight off the dog's initial, apparently unprovoked attack by kicking the animal. However, after momentarily returning to Heck's yard, the dog attacked a second time. The officers who responded to the scene testified that the dog was still aggressive when they arrived and could not be controlled with a catchpole.

Finally, evidence of the dog's physical development and capabilities was indicative of a mature animal. The victim, an adult male, testified that he had never taunted the dog because "[i]f you saw the [dog], you would not taunt that [dog]," a statement that the jury could reasonably interpret as implying that the victim considered the dog physically intimidating. The victim also

---

[6] The pertinent portions of the J.C.O. were not included in the record on appeal. However, this Court may take judicial notice of municipal ordinances. *See Lowery v. Bd. of Cty. Comm'rs for Ada Cty.*, 115 Idaho 64, 69, 764 P.2d 431, 436 (Ct. App. 1988). Consequently, we take judicial notice of Chapter 6.08 of the J.C.O., which may be found at https://codelibrary.amlegal.com/codes/jeromeid/latest/jerome_id/0-0-0-1091 (last accessed July 10, 2020).

testified that he witnessed the dog jump over a fence into his backyard. A picture of the fence displayed to the jury shows a chain-link fence appearing to be more than four feet high. Additionally, pictures of the victim's injuries show that the victim suffered not only puncture wounds to his hands, but also a significant laceration to his left hand that required suturing. The above-described evidence, when considered in the light most favorable to the prosecution, is sufficient to support the jury's finding that Heck's dog was more than six months old when it attacked the victim.

## IV.

## CONCLUSION

The jury's finding that Heck's dog was at least six months old is supported by substantial evidence. Additionally, although the jury was erroneously instructed, the jury found all the facts necessary to find Heck guilty of dog at large. Consequently, the district court's decision, on intermediate appeal from the magistrate court, is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.