665 P.2d 717

**In the Matter of the Denial of a Zoning Certificate of Eric OLSON, Respondent,**

v.

**ADA COUNTY, Appellant.**

No. 14029.

Supreme Court of Idaho.

June 20, 1983.

Scott L. Campbell, Chief Civ. Deputy, Pros. Atty., Boise, for appellant.

James E. Risch, of Risch, Goss, Insinger & Salladay, Boise, for respondent.

BAKES, Justice.

Respondent Eric Olson is the assignee of a lease on ten acres of real property located in the Boise foothills in Ada County. The lease is for a term of 300 years with the consideration in an unstated amount paid in full at the commencement of the lease term. The lessee had the right to use and occupy the leased premises solely for agricultural purposes. The lessee had the right to mortgage, pledge by deed of trust, encumber or otherwise create liens against the real property, had the right to assign or sublease, and had the obligation to pay all taxes. The ten acre parcel was originally part of a large tract, approximately two thousand acres in size, which the lessors had used for grazing and pasture purposes. The original tract has been leased in approximately 120 ten-acre lots through leases similar to the lease assigned to respondent.

Respondent, a nursery owner-operator, allegedly sought to use his ten-acre parcel for raising nursery stock and Christmas trees. Respondent desired to build a house or dwelling upon the property to provide a residence for himself or a caretaker to facilitate supervision of the nursery crop and protection of the property from vandalism and trespassing, which were frequent and recurring problems in the area. Accordingly, in January, 1979, respondent requested the Ada County Zoning Department to issue a zoning certificate, a prerequisite to the commencement of construction of any building or structure under Ada County Zoning Ordinance § 1.9, for the construction of a residential building on the ten-acre parcel.

The zoning department and the Ada County Zoning Commission denied issuance of the zoning certificate. Respondent then appealed to the Board of Ada County Commissioners. The board conducted a public hearing on June 27, 1979, which was continued until July 25, 1979,[1] and at the conclusion of the hearing also denied respondent's application for the zoning certificate. The Board of County Commissioners subsequently issued a formal letter on September 5, 1979, which contained the board's findings of fact and conclusions of law. The board held that three distinct grounds supported its denial of respondent's requested zoning certificate: (1) respondent's ten-acre parcel is located in a G–1 zone,[2] and the minimum dimensional lot standard for property within a G–1 zone is 160 acres for an agricultural use with a residence, *see* Ada County Zoning Ordinance § 16.81; (2) lots or parcels are required to front on a public or private street as defined in Ada County Zoning Ordinance sections 2.116 and 2.11069, respectively, in order for construction of a residential building on the parcel to be permitted, *see* Ada County Zoning Ordinance § 22.3; and (3), respondent's

---

1. In the intervening period, on July 25, 1979, the board conducted a "workshop meeting" attended by the parties and their legal representatives, the verbatim minutes of which are contained in the record on appeal. At this meeting, the parties argued in depth regarding their opposing positions.

2. A G–1 zone in Ada County is a general zone in which use of land for agricultural purposes is a principal permitted use. Ada County Zoning Ordinance § 16.2.

parcel or lot constituted part of an illegal subdivision, *see* Ada County Subdivision Ordinance §§ 2.3 and 3.22.

Respondent filed a timely appeal of the Board of County Commissioners' decision in the district court. The district court reviewed the decision of the county commissioners on the record, and after hearing oral arguments, issued a memorandum decision and order on December 12, 1980. The district court accepted respondent's argument that I.C. § 67–6529 allows him to construct a dwelling house on the ten-acre parcel as part of his full and complete use of his agricultural land for the production of an agricultural product, ruling that respondent's interpretation was "a correct and reasonable interpretation of this statute." The district court remanded the case to the Board of Ada County Commissioners for further proceedings consistent with its opinion. The board of commissioners has appealed. We reverse.

■ The district court heard this case in an appellate capacity and reached its decision on the basis of the record before it. On appeal to this Court, therefore, we may review the record independently of the decision of the district court. *See Nicholls v. Blaser,* 102 Idaho 559, 633 P.2d 1137 (1981) *Koester v. Koester,* 99 Idaho 654, 586 P.2d 1370 (1978). The record includes the minutes of each of the meetings before the board of commissioners and the findings of fact and conclusions of law of the board.

The issue presented for our review is whether the district court erred in reversing the decision of the Board of Ada County Commissioners to deny the requested zoning certificate. Appellant alleges, consistently with the findings and conclusions of the board of commissioners, that respondent's parcel is part of an illegal subdivision and that building a house on the parcel would have resulted in violation of county subdivision and zoning ordinances. Respondent, on the other hand, argues that a dwelling on his leased ten-acre parcel would not have been in violation of the asserted ordinances. Respondent further argues that regardless of whether his ten-acre leased lot satisfies the requirements of the ordinances in question, his land is "agricultural land," and I.C. § 67–6529 "provides a blanket exemption for agricultural land from zoning ordinances." We disagree.

■■ I.C. § 67–6529 provides:

"No power granted hereby shall be construed to empower a board of county commissioners to enact any ordinance or resolution which deprives any owner of full and complete use of agricultural land for production of any agricultural product. Agricultural land shall be defined by local ordinance or resolution."[3]

I.C. § 67–6529, enacted as part of the Local Planning Act of 1975, must be construed harmoniously with other provisions of the act to the extent reasonably possible. *See North Idaho Jurisdiction of Episcopal Churches, Inc. v. Kootenai County,* 94 Idaho 644, 647, 496 P.2d 105, 108 (1972); *Christensen v. West,* 92 Idaho 87, 88, 437 P.2d 359, 360 (1968). I.C. § 67–6529 must also be construed to give effect to the legislative intent and purpose in enacting the Local Planning Act. *See Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861 (1980); *Smith v. Dept. of Employment,* 100 Idaho 520, 602 P.2d 18 (1979).

■ The purposes or objectives of the Local Planning Act of 1975 are set forth in I.C. § 67–6502 as the promotion of the health, safety and general welfare of Idaho residents through the protection and encouragement of a number of specific delineated rights and goals.[4] The legislature

---

**3.** At the time the lease in question was recorded, agriculture and agricultural purposes were defined in Ada County Zoning Ordinance § 2.005 to include "the growing of cultivated crops including grazing, pasturage, agriculture, horticulture, floriculture, vitaculture, and nurseries, fruit trees, berry bushes, and the necessary accessory uses for packing, treating or storing of the produce; . . . ."

**4.** "67–6502. PURPOSE.—The purpose of this act shall be to promote the health, safety, and general welfare of the people of the state of Idaho as follows:

sought to achieve these purposes by promoting orderly growth and development through comprehensive zoning. *See* I.C. § 67–6501 *et seq.* When I.C. § 67–6529 is read in the context of the other sections of the Local Planning Act, and in light of the purposes and objectives set forth in I.C. § 67–6502, it is clear that the legislature did not intend to give agricultural land allegedly being used for agricultural purposes a *carte blanche* exemption from all county zoning ordinances.

Zoning ordinances are, by their very nature, restrictions upon the use of land. Ordinances enacted pursuant to the zoning authority granted to localities by the Local Planning Act include those that establish zone classifications with permitted and prohibited uses, setback requirements, maximum lot coverage limitations, building height limitations, and lot depth requirements. These restrictions encourage consistent appearance, protect property values and promote the best use of property. Additionally, regulations such as street frontage and minimum setback requirements facilitate the provision of services necessary to the general health and welfare, including water and waste disposal, and the provision of adequate police and fire protection. If residential development, including development in agricultural areas, is allowed to proceed without any compliance with the restrictions imposed by local zoning ordinances, such development would be inconsistent with the goals sought to be attained by the Local Planning Act. We are not convinced that the legislature intended to sacrifice the system of comprehensive zoning so carefully created in the Local Plan-

ning Act by completely shielding agricultural land from all zoning regulations.

Zoning and subdivision ordinances enacted pursuant to statutory authority may be applied so stringently as to infringe on the legitimate use of agricultural lands for agricultural production, in violation of I.C. § 67–6529. Nevertheless, we do not hold that every ordinance which imposes restrictions upon the use of land constitutes a *per se* violation of I.C. § 67–6529; regulations which do not interfere with the use of agricultural land for the production of agricultural products may lawfully be applied to restrain or restrict a use that would be otherwise inconsistent with local ordinances. The inquiry is whether the particular ordinance or regulation in question deprives an owner of the "full and complete use of agricultural land for production of any agricultural product," in violation of I.C. § 67–6529.

In its letter dated September 5, 1979, the board formally listed findings of fact and conclusions of law and denied the requested zoning certificate, basing its denial on several conclusions: that respondent's ten-acre parcel was part of an illegal subdivision, in violation of Ada County Subdivision Ordinance §§ 2.3 and 3.21; that the parcel did not front on a public or private street, as required by Ada County Zoning Ordinance § 22.3; and that it did not meet minimal lot size requirements for a lot with a single family residence within the G–1 zone, established in Ada County Zoning Ordinance § 16.81.

■ If any of the ordinances in question may be applied to respondent's parcel without depriving respondent of his full use of

---

"(a) To protect property rights and enhance property values.

"(b) To ensure that adequate public facilities and services are provided to the people at reasonable cost.

"(c) To ensure that the economy of the state and localities is protected and enhanced.

"(d) To ensure that the important environmental features of the state and localities are protected and enhanced.

"(e) To encourage the protection of prime agricultural, forestry, and mining lands for production of food, fibre, and minerals.

"(f) To encourage urban and urban-type development within incorporated cities.

"(g) To avoid undue concentration of population and overcrowding of land.

"(h) To ensure that the development on land is commensurate with the physical characteristics of the land.

"(i) To protect life and property in areas subject to natural hazards and disasters.

"(j) To protect fish, wildlife, and recreation resources.

"(k) To avoid undue water and air pollution."

agricultural land for the production of an agricultural product, the decision of the Board of Ada County Commissioners to deny the requested certificate should be upheld. We turn first to the ordinance requiring that a lot with a residential building front on a public or private street, Ada County Zoning Ordinance § 22.3. In Finding of Fact # 9 the commission found, "Applicant's lot or parcel of property does not front on a public street as defined by the Ada County Ordinance Section 2.116 nor upon a private street as defined by Ada County Zoning Ordinance Section 2.11609." Statements at the workshop meeting before the Board of County Commissioners indicated that respondent's parcel was approximately 200 feet from the nearest road, the condition or nature of which is not disclosed in this record. Thus, there is substantial and competent evidence in the record to support the board's finding that respondent's ten-acre parcel of land did not front on a public or private street. The street frontage requirements established in Ada County Zoning Ordinance §§ 22.3 and 16.81, which imposes a minimum street frontage of 50 feet for residential use in an agricultural area, are necessary to ensure access to respondent's ten-acre parcel and to the county's ability to provide its residents with services and protections essential to the general health and welfare. Without adequate street access to a lot used in part for residential purposes, the county would be unable to provide its residents with effective police and fire protection. Such protections benefit not only the residents of the lot in question, but extend to neighboring residents and properties, thereby promoting the general safety and welfare. By requiring that a lot used in part for residential purposes front on a street which meets minimum standards, see *Wyckoff v. Board of County Comm'rs of Ada County,* 101 Idaho 12, 607 P.2d 1066 (1980), the county is not interfering with respondent's full and complete use of his land for the production of agricultural products. It is his partial use of the land for residential purposes that is restricted by the fact that his lot does not front on a public or private street in compliance with Ada County Zoning Ordinance §§ 22.3 and 16.81.

The board of county commissioners' action can be sustained on the basis that respondent's leased parcel does not meet Ada County's street frontage requirements, and therefore we need not address the applicability of the ordinances establishing minimum lot size and subdivision requirements. On the basis of our independent review of the record before us, we reverse the judgment of the district court and affirm the decision of the board of county commissioners denying the requested zoning certificate.

Costs to appellant.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.