737 P.2d 465

**Virgil JAHNKE and Phyllis Jahnke, husband and wife, Cross Complainants-Counterdefendants-Appellants,**

v.

**Lowell C. MOORE, Cross Defendant-Counterclaimant-Respondent.**

**No. 16553.**

Court of Appeals of Idaho.

May 6, 1987.

been furnished, Martin was improperly held to be totally and permanently disabled at the time of his death.

Thomas J. Holmes of Hawley, Troxell, Ennis & Hawley, Pocatello, for cross complainants-counterdefendants-appellants.

Dean Charles Brandstetter of Cox & Ohman of Idaho Falls, for cross defendant-counterclaimant-respondent.

Before WALTERS, C.J., SWANSTROM, J., and McQUADE, J., pro tem.

This opinion supercedes our opinion issued on April 7, 1987, which is hereby withdrawn.

PER CURIAM.

This case involves the attempted pretrial disqualification of a judge under I.R.C.P. 40(d)(1). After their first scheduled trial date was vacated and a second trial date was set, the Jahnkes moved to automatically disqualify the judge under the rule. The judge denied their motion, holding that the motion had not been timely filed after the setting of the first trial date. The Jahnkes then refused to participate in the trial, contending the judge did not have jurisdiction because of the alleged disqualification. After judgment was entered against the Jahnkes, they appealed. The sole issue raised is whether the Jahnkes properly exercised their right to an automatic disqualification of the judge. Under the unique circumstances of this case, we hold that the judge was disqualified automatically and did not have authority to enter judgment against the Jahnkes. We therefore vacate the judgment and remand this cause for further proceedings.

The record reveals the following facts. Moore and the Jahnkes filed claims against each other stemming from disputes over the consignment of farm equipment and the sale of potatoes. On February 22, 1985, the district judge assigned to the case, on his own motion, set a trial date for April 1. That trial date was vacated pursuant to a stipulation signed by all parties [1] except the Jahnkes, on the grounds that the case was not ready for trial. In April, 1986, the same district judge reset the trial for June 2, 1986. The Jahnkes then moved to automatically disqualify the judge pursuant to Idaho Rule of Civil Procedure 40(d)(1). The judge denied the motion, holding that it had not been filed within five days [2] of the setting of the first trial date as required by Rule 40(d)(1). The Jahnkes contended that the rule allowed them to file the motion within five days of *any* trial date, not just the first. The Jahnkes argued that their filing of the mo-

---

[1] The action was commenced by Moore against parties other than the Jahnkes. Those defendants interpleaded the Jahnkes. Ultimately, the litigation involved numerous claims, counterclaims, cross-claims and third party claims. The judgment entered by the court awarded affirmative relief to Moore only, and not to any other party. To reduce confusion and as a matter of convenience we have revised the caption appearing on the notice of appeal by re- moving the alignment and names of some of the parties, thus narrowing the caption to only the Jahnkes and Moore, the parties directly involved in this appeal.

[2] Idaho Rule of Civil Procedure 40(d)(1), as amended in 1986, now provides for a seven-day period for making the motion, rather than the five days applicable here.

tion to automatically disqualify the judge left him without jurisdiction to hear the case. On appeal, the Jahnkes reassert their argument that their motion to automatically disqualify the judge left him without jurisdiction to hear the case.

The rule in question, I.R.C.P. 40(d)(1), provides in part:

First disqualification of judge.—In any action in the district court or the magistrates division thereof, any party may disqualify one (1) judge by filing a motion of disqualification which shall not require the stating of any grounds therefor, and the granting of such motion for disqualification, if timely, shall be automatic. A motion for automatic disqualification shall not be made under this rule to hinder, delay or obstruct the administration of justice. Such motion must be made not later than 5 days after service of a notice setting the action for trial, pre-trial, or hearing on the first contested motion, and must be made before any contested proceeding in such action has been submitted for decision to the judge....

 The Jahnkes assert that the motion to automatically disqualify can be made within five days of notice of the setting of *any* trial, pretrial, or hearing on the first contested motion. Moore contends that, because the Jahnkes knew from the first setting of trial which judge the case was assigned to, the Jahnkes had five days to move to disqualify the judge. While we disagree with the Jahnkes that they could seek an automatic disqualification within five days of notice of *any* trial setting, we conclude that the Jahnkes were not precluded from automatically disqualifying the judge when the second trial date was set, under the circumstances of this case. Therefore, the judgment for Moore, which included the order denying the motion to disqualify, is vacated.

The purpose of Rule 40(d)(1) is to insure a fair tribunal by allowing a party to disqualify a judge thought to be unfair or biased. *Dustin v. Beckstrand*, 103 Idaho 780, 654 P.2d 368 (1982). The movant does not have to state any grounds for the disqualification of the judge. If the movant is concerned that the judge may be biased or unfair for some real or imagined reason, all that is required is a timely-filed motion under Rule 40(d)(1). However, the identity of the judge is critical. That is why the Idaho Supreme Court has held that "to disqualify a judge under Rule 40(d)(1), the judge who is to be disqualified must be named." *Id.* at 785, 654 P.2d at 373. Unless the party knows who the judge is the party would not know whether there are real or imagined reasons that the judge would be unfair. "Absent any such reasons, disqualification serves only to delay the proceedings." *Id.* As the rule indicates, the party cannot move to disqualify in order to hinder, delay or obstruct the administration of justice. Such action would violate the provisions of I.R.C.P. 1(a) which requires the procedure rules be construed to "secure the just, speedy and inexpensive determination of every action and proceeding."

At the time the Jahnkes moved for disqualification of the trial judge, Rule 40(d)(1) did not explicitly require that the disqualification motion must be made at the setting of the first trial date. We believe that to require as much would not promote the concept of a fair tribunal that the rule obviously contemplates. This case points out how such a strict, uncompromising interpretation might unintentionally result in a denial of the right provided for in the rule. Here, the case was set for trial at a time when the parties were not ready to proceed. Some parties had yet to file their answers to certain claims and substantial discovery still remained. The setting of the trial therefore appeared to be a premature move by the district judge.[3]

---

**3.** Idaho Rule of Civil Procedure 40(b) provides in part that "[i]n any action *which is at issue,* either party may request the court at any time to set the same for a pre-trial hearing or for trial, or the court on its own initiative may set

such action for trial or pre-trial hearing." (Emphasis added.) Also, a published rule of the Seventh Judicial District (the court below) further states: "5. Cases shall only be set for trial upon the filing of a request for Trial Setting,

Over fourteen months elapsed before the case was again set for trial. Within this time period, any number of things could have happened which would have resulted in a different judge hearing the case. To hold that the Jahnkes were required to disqualify a judge in a case that was not ready for trial would deny them the opportunity to make a meaningful decision whether to accept or reject the judge that would hear the case. For example, the judge who first set the trial date could have become ill, or the case could have been reassigned to another judge to balance crowded dockets. Therefore the Jahnkes could have moved to disqualify a judge who was not going to hear the case.

Moore argues that under our interpretation, a less than diligent party who failed to timely disqualify a judge could, by seeking a continuance, have its rights to disqualify reestablished. We acknowledge that such a result could be possible. Therefore, we limit our holding solely to the facts of this case and under the rules of procedure applicable before July 1, 1986. Here, all the nonmoving parties had stipulated to a continuance of the trial because pleading and discovery could not be completed by the trial date. We also reiterate the point that such a motion cannot be made for the purposes of delay or hindrance. We believe that trial judges have sufficient discretion and authority within their courtrooms to insure against such a happening. Because of the time span between trial dates, the Jahnkes could not reasonably ascertain who the judge would be that would hear the case. The Jahnkes were entitled to such information before they exercised their rights under Rule 40(d)(1). Since the Jahnkes' motion was timely filed after the second trial date was set, the district judge was automatically disqualified and without authority to hear the matter.

The Jahnkes have requested attorney fees on appeal, asserting that they are a prevailing party bringing a claim based on an open account. *See* I.C. § 12–120(3). On the present state of the record, this Court cannot determine whether the claim was, in fact, based on an open account. We therefore decline to award fees under that statute.

The judgment of the district court is vacated and the case remanded for further proceedings. Costs to appellants, Jahnkes. No attorney fees awarded.

pursuant to Rule 40(b), I.R.C.P....." *See, e.g.,* IDAHO STATE BAR DESK BOOK § C, p. C–45 (1987).

However, we also note that, effective July 1, 1986—a date subsequent to the trial court proceedings in this case—I.R.C.P. 16 was extensively amended in respect to pretrial procedures. One of these amendments, I.R.C.P. 16(b), provides:

Except in cases, exempted by order of the court as inappropriate, the judge or magistrate shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail or other suitable means, enter a scheduling order that limits the time

(1) to join other parties and to amend the pleadings;

(2) to file and hear motions; and

(3) to complete discovery.

The scheduling order also may include

(4) the date or dates for conferences before trial, a final pretrial conference, and trial; and

(5) any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable and, unless it is totally impractical, no more than 180 days after the filing of the complaint. A schedule shall not be modified except by leave of the judge or a magistrate upon a showing of good cause.

This amendment could be interpreted to now authorize trial judges to schedule a trial date before a case is at issue. However, being subsequent to the trial court's ruling in this case, the amendment is not controlling here.