963 P.2d 383

Kenneth R. **WOOD** and Arlene M. Wood, husband and wife, and Ron E. Hawthorne and Reba E. Hawthorne, husband and wife, Plaintiffs–Appellants,

v.

Howard K. **HOGLUND** and Kathryn I. Hoglund, husband and wife, Defendants–Respondents.

No. 23453.

Supreme Court of Idaho, Coeur d'Alene, April 1998 Term.

Aug. 13, 1998.

Rehearing Denied Oct. 6, 1998.

James H. Paulsen, Sandpoint, argued for Appellants.

Featherston Law Firm, Sandpoint, for Respondents. Daniel P. Featherston argued.

WALTERS, Justice.

In this appeal, Kenneth and Arlene Woods (the Woods) and Ron and Reba Hawthorne (the Hawthornes) contest the district court's entry of judgment denying their respective claims for a prescriptive easement over two, separate rights of way across property owned by Howard and Kathryn Hoglund (the Hoglunds). For the reasons explained below, we reverse the judgment in part, and we remand the case for entry of a new judgment in accordance with this opinion.

## I. FACTS AND PROCEDURAL BACKGROUND

In 1984, Kenneth and Arlene Wood purchased a lot on the west side of Lake Cocolalla in Bonner County. They gained access to their lot by means of a right of way (referred to during the litigation and hereinafter in this opinion as Route 1) located across property owned by Ray Colella until 1989, when Colella requested that the Woods use an alternate right of way over his property, which did not come so close to his cabin. In 1989, the Woods began to use this second right of way (referred to as Route 2) as the

primary access to their lot, although they did not abandon entirely their use of Route 1.

Between 1984 and 1991 the Kennedys, adjacent landowners to the Woods, also used Route 1 across the Colella property to access their lot which was located north of the Woods' property. In 1991, the Kennedys' sold their lot to Ron and Reba Hawthorne. The Hawthornes at all times reached their lot by means of Route 2 across the Colella property.

Howard and Kathryn Hoglund purchased the Colella property in 1993, and in July 1994 the Hoglunds blocked the two rights of way, barring any further use of their property by the Woods and the Hawthornes. The closure of the rights of way precipitated this action by the Woods and the Hawthornes to establish the existence of prescriptive easements in their favor over the Hoglund property.

In the complaint filed in the district court for Bonner County, the Woods asserted a claim for prescriptive easements by virtue of their open, notorious, continuous and uninterrupted use of Routes 1 and 2 for the requisite period of five years. *See* I.C. §§ 5–203 and 5–205. Co-plaintiffs, the Hawthornes, asserted a claim for a prescriptive easement to Route 1 based on the open, notorious, continuous and uninterrupted use of their predecessors in interest, the Kennedys, for a five-year period. As to Route 2, the Hawthornes also claimed a prescriptive easement based on their open, notorious, continuous and uninterrupted use from 1991 to 1994. Thereafter, the Woods and the Hawthornes sought a preliminary injunction to enjoin the Hoglunds from obstructing the rights of way leading across the Hoglund property to their lots. The district court ordered a consolidated hearing on the preliminary injunction and the trial issues.

Following a trial to the bench, the district court entered its findings and conclusions, holding that the Woods and the Hawthornes had not proved their claims of prescriptive easement by clear and convincing evidence. The district court found that the Woods' and the Hawthornes' use of Routes 1 and 2 was permissive and was not adverse. With respect to the Hawthornes' claim, the district court also determined that the evidence was insufficient to establish that their use of Routes 1 and 2 was continuous or uninterrupted for the prescriptive five-year period. Concluding that the Hoglunds were the prevailing parties, the district court entered judgment in their favor. The Woods and the Hawthornes appealed from the amended judgment entered November 20, 1996.

## II. STANDARD OF REVIEW

Findings of fact by a trial court will not be disturbed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). In reviewing the findings of facts, the appellate court does not weigh the evidence as the district court did; instead it inquires whether the findings of fact are supported by substantial and competent evidence and therefore not clearly erroneous. *Viebrock v. Gill*, 125 Idaho 948, 877 P.2d 919 (1994). In reviewing the record, this Court is mindful that the district court possesses the unique opportunity to assess the credibility of the witnesses before it. *Id.*

## III. DISCUSSION

The Woods and the Hawthornes argue on appeal that the district court's findings of permissive use were clearly erroneous as they were not supported by substantial, competent evidence. They further argue, based upon the plaintiffs' showing of their undisputed use of an easement for the established period of prescription, that the district court should have applied the presumption that the use was under a claim of right and was adverse to the Hoglunds' interest.

To acquire a prescriptive easement in Idaho, a claimant must present reasonably clear and convincing evidence of open, notorious, continuous, uninterrupted use, under a claim of right, with the knowledge of the owner of the servient estate for the prescriptive period of five years. I.C. § 5–203; *West v. Smith*, 95 Idaho 550, 557, 511 P.2d 1326, 1333 (1973). A prescriptive right cannot be obtained if use of the servient estate is by permission of the landowner. *State ex rel. Haman v. Fox*, 100 Idaho 140, 594 P.2d 1093 (1979). Proof of open, notorious, continuous, uninterrupted use of the claimed right for the prescriptive period, without evidence as

to how the use began, raises the presumption that the use was adverse and under a claim of right. *West v. Smith*, 95 Idaho at 557, 511 P.2d at 1333. The burden is then on the owner of the servient tenement to show that the use was permissive, or by virtue of a license, contract, or agreement. *Id.*

**A. The Woods' Claim to Route 1.**

■ The Woods' right to a prescriptive easement is clearly established by the record. The Woods testified that Route 1 was the only access to the property when they purchased their lot in 1984. They asserted that their use of Route 1 began in 1984; that they had never sought permission from Colella to use the access and that Colella, who at all times had knowledge that the Woods were using Route 1 across his property, never acted to curtail their usage. Although the Woods acknowledged that in 1989 they began to use Route 2 at the request of Ray Colella, the Woods testified that their use of Route 1 was not altogether eliminated but instead continued until 1994, when the right of way was obstructed by Colella's successors, the Hoglunds.

■ A trier of fact may not arbitrarily disregard credible and unimpeached testimony of a witness. *Dinneen v. Finch*, 100 Idaho 620, 627–28, 603 P.2d 575, 582–83 (1979). In a related vein, it has long been recognized that unless a witness's testimony is inherently improbable, or rendered so by facts and circumstances disclosed at trial, the trier of fact must accept as true the positive, uncontradicted testimony of a credible witness. *Pierstorff v. Gray's Auto Shop, et al.*, 58 Idaho 438, 447, 74 P.2d 171, 175 (1937). In this case, the record discloses that the evidence from the Woods was not contradicted or disputed. Likewise, missing from the record is a finding by the district court that the Woods' testimony was not credible. Therefore, the district court's factual determination that the Woods' use of Route 1 was permissive is not only unsupported by the record, it is clearly contrary to the evidence presented and the presumption that the use was adverse.

Applying the standard of clear error, therefore, we set aside the district court's finding of permissive use and hold that there is substantial evidence to find that the usage of Route 1 by the Woods originated as a claim of right and was adverse to the owner of the servient estate. The modified finding of adverse use for the prescriptive period completes the requisite elements of their claim to a prescriptive easement. Accordingly, we reverse the conclusion of the district court denying an easement over Route 1 to the Woods. We direct the district court on remand to enter a judgment granting the easement to the Woods over Route 1.

**B. The Hawthornes' Claim to Route 1.**

■ As proof of adverse use supporting the Hawthornes' claim to a prescriptive easement, the Hawthornes relied upon their predecessors' open, continuous use of Route 1 across the Colella property, under a claim of right, for the requisite five-year period. Testimony was presented by the Woods that the Hawthornes' predecessors in interest, the Kennedys, had used Route 1 across the Colella property from 1984 to 1991, until the Kennedys sold their property to the Hawthornes.

■ The Idaho Court of Appeals has noted that a claimant of a prescriptive easement may rely on the adverse use by the claimant's predecessor for the prescriptive period or the claimant may couple such predecessor's use with the claimant's own use to establish the requisite five continuous years of adverse use. *Roberts v. Swim*, 117 Idaho 9, 13 n. 1, 784 P.2d 339, 343 n. 1 (Ct.App. 1989). Once the five-year period of adverse use has been attained, the prescriptive right to continue the use of the way has been established, *Burnett v. Jayo*, 119 Idaho 1009, 1012, 812 P.2d 316, 319 (Ct.App.1991), and there is no need to couple or to tack the use by the predecessor to any use by the claimant. When an easement of way by adverse use is thus created, it becomes fixed as an appurtenance to the real property which is subject to the prescriptive use and may be claimed by a successor in interest. *Feldman v. Knapp*, 196 Or. 453, 250 P.2d 92, 103 (1952). This principle is similar to the "ripened title" theory recognized by the Idaho courts in addressing a claim to quieting title

gained by adverse possession. *Larson v. Lindsay,* 80 Idaho 242, 250, 327 P.2d 775, 780 (1958).

In the absence of any evidence indicating how the Kennedys' use began, the Hawthornes invoked the rebuttable presumption that the use was adverse and under a claim of right as against the servient landowner, Colella. *See West v. Smith,* 95 Idaho at 557, 511 P.2d at 1333. Because the Hoglunds offered no evidence to rebut the presumption, the Hawthornes were entitled to rely on the presumption of adversity as applied to the Kennedys' use of Route 1 over the Colella property.

The Hoglunds argue on appeal that the presumption from which the Hawthornes seek to benefit is not available in that, during the period when the Hawthornes' predecessors used the right of way, the servient estate was wild and unenclosed land. This argument is misplaced, however, because it does not apply where the land in question also is "improved" property. *Cox v. Cox,* 84 Idaho 513, 373 P.2d 929 (1962); *Trunnell v. Ward,* 86 Idaho 555, 559, 389 P.2d 221, 223 (1964). *See also West v. Smith, supra,* citing *Trunnell* for the proposition that when lands over which the prescriptive easement is claimed are wild, unenclosed, *or unimproved,* the presumption of adversity does not apply; it is presumed that the claimant's use was permissive. 95 Idaho at 557, n. 32, 511 P.2d at 1333, n. 32. We cannot ignore the district court's finding in this case that the Colella property "was improved only by a one room cabin, a pumphouse, and a shed, possibly used for sleeping quarters." The court's finding that the Colella property was "improved" has not been challenged. Furthermore, the parties do not assert that characterization of property as improved, in cases of this nature, has ever required that the property be substantially improved or, indeed, improved to any other measurable degree.

Thus, we conclude that the district court erred by not applying the presumption of adverse use in favor of the Hawthornes, which is applicable to improved (albeit otherwise wild or unenclosed) property. The evidence and the applicable presumptions clearly entitle the Hawthornes to a prescriptive easement over Route 1 across the Hoglunds' property.

**C. Use of Route 2.**

■ The evidence supporting the plaintiffs' claims to a prescriptive easement to Route 2 is clearly inadequate. The plaintiffs' use of Route 2 was, by Kenneth Wood's own admission, permissive. A permissive use cannot ripen into a prescriptive easement. *State ex rel. Haman v. Fox,* 100 Idaho 140, 594 P.2d 1093 (1979). We find no error in the district court's decision denying the parties any easement to Route 2.

## IV. CONCLUSION

We reverse the district court's erroneous determination that the Woods and the Hawthornes failed to prove prescriptive easements for the use of Route 1. We remand the matter to the district court for entry of a judgment in favor of the Woods and in favor of the Hawthornes granting easements by prescription over Route 1 across the Hoglunds' property.

Costs on appeal are awarded to the appellants; however, no attorney fees are awarded to the appellants, as none were requested. I.A.R. 41(a).

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.