993 P.2d 617

**In the Matter of the Application of Herb Arthur dba Herb's Towing.**

**Herb ARTHUR, Petitioner–Appellant,**

v.

**SHOSHONE COUNTY, Respondent.**

**No. 24953.**

Court of Appeals of Idaho.

Jan. 10, 2000.

Hollis J. Anderson, Wallace, for appellant.

Hull, Branstetter & Simpson, Wallace, for respondent. Michael K. Branstetter argued.

LANSING, Judge.

Herb Arthur appeals the district court's dismissal of his petition for judicial review of an order issued by the Shoshone County Board of Commissioners denying Arthur's application for a conditional use permit. The district court held that the petition for review was untimely and therefore dismissed it. Arthur appeals, challenging the dismissal order and the denial of a motion he made to disqualify the district judge.

## FACTS AND PROCEDURAL HISTORY

Arthur made an application to the Shoshone County Planning and Zoning Commission (P & Z) for a conditional use permit to operate a towing business on a parcel of land near Kingston, Idaho. After the P & Z denied his application, Arthur appealed to the Shoshone County Board of Commissioners (the Board), which held a public hearing on the matter. The Board issued an order on May 6, 1998 upholding the P & Z's denial of Arthur's application. Arthur filed a motion for reconsideration with the Board on May 11, 1998. After receiving no response from the Board to this motion, Arthur filed a petition for judicial review in the district court on June 5. At the same time, he filed a motion to disqualify the presiding judge. On June 10, 1998, the Board entered a written order denying Arthur's motion for reconsideration on the ground that the Board lacked authority to reconsider a decision on a conditional use permit.[1]

In the district court, Arthur's motion to disqualify the judge was denied. Shoshone County filed a motion to dismiss the petition

---

1. This order is not in the record before us, but at oral argument both counsel acknowledged that the order stated, as its ground for denial of the motion, that the Board was without authority to reconsider its initial decision.

for judicial review on the basis that it was untimely under Idaho Code § 67–6521(1)(d), having been filed more than twenty-eight days after issuance of the Board's May 6 order. The district court granted the motion to dismiss. Arthur appeals, contending that the district court erred in denying his motion to disqualify the district judge and in holding that the petition for judicial review was time-barred.

## ANALYSIS

### A. Motion to Disqualify Presiding Judge

Arthur's motion to disqualify the district judge sought disqualification without cause pursuant to Idaho Rule of Civil Procedure 40(d)(1). The district court denied the motion on the ground that this action for judicial review constituted an appellate proceeding in which disqualification of a judge without cause is not authorized. Arthur challenges this interpretation of the rule.

The pertinent provisions of I.R.C.P. 40(d)(1) are as follows:

> In all civil actions, the parties shall each have the right to one (1) disqualification of the judge or magistrate without cause, except as herein provided, under the following conditions and procedures:
>
> . . . .
>
> (I) Exceptions. Notwithstanding the above provisions, the right to disqualification without cause shall not apply to: (i) A judge when acting in an appellate capacity.

The question presented is whether the exception of Rule 40(d)(1)(I)(i) is applicable to this case. Arthur avers that it is not. He argues that a judge acts "in an appellate capacity" only when the judge is reviewing a decision of a lower court, not when a decision of a local government body or administrative agency is under review.

This issue presents a question of the Idaho Supreme Court's intent in using the words "appellate capacity" when it adopted Rule 40(d)(1)(I)(i). To deduce this intent, we begin by examining the terminology that has been used by our Supreme Court in other contexts. We find many cases in which the Supreme Court has referred to the role of the district court in reviewing a local governmental decision as an "appellate" review. *See, e.g., Lamar Corp. v. City of Twin Falls,* 133 Idaho 36, 39, 981 P.2d 1146, 1149 (1999) (stating that the district court reviewed the city council's permit denial "in its appellate capacity" pursuant to I.C. §§ 67–5279 and 67–6521(1)(d)); *Price v. Payette County Bd. of County Comm'rs,* 131 Idaho 426, 429, 958 P.2d 583, 586 (1998) (referring to a district court acting in its appellate capacity under the APA); *Balser v. Kootenai County Bd. of Comm'rs,* 110 Idaho 37, 40, 714 P.2d 6, 9 (1986) (referring to the district court as "sitting as an appellate court" in reviewing a zoning decision); *Olson v. Ada County,* 105 Idaho 18, 20, 665 P.2d 717, 719 (1983) (stating that in action for judicial review of the denial of a zoning certificate, the district court heard this case "in an appellate capacity"); *Cooper v. Bd. of County Comm'rs of Ada County,* 101 Idaho 407, 409, 614 P.2d 947, 949 (1980) (stating that the appellants "brought suit in district court appealing the decision of the board" denying a request for rezoning). The terminology in these cases, referring to actions for judicial review as "appeals," suggests that the Supreme Court intended to encompass actions for judicial review of local government decisions within the I.R.C.P. 40(d)(1)(I)(i) exception to the right of automatic disqualification.

We draw further support for this conclusion from the Supreme Court's discussion in *Cooper, supra,* where the Court characterized as "quasi-judicial" a board of county commissioners' decision on an application to rezone a parcel of land. The Court drew a distinction between a zoning authority's *legislative* action in adopting general zoning ordinances and its *judicial* role in applying existing legislation and policy to specific individual interests, as in acting upon an application for a rezone. The court stated, "[A] determination whether the permissible use of a specific piece of property should be changed is usually an exercise of judicial authority. . . ." *Id.* at 410, 614 P.2d at 950, *quoting Fasano v. Bd. of County Comm'rs of Washington County,* 264 Or. 574, 507 P.2d 23, 26 (1973). Under this characterization, the Board's decision in the present case on

Arthur's application for a conditional use permit was quasi-judicial. Hence, Arthur's petition to the district court called for judicial review of a decision that was itself judicial in nature.

Further, the fact that the terms "judicial review" and "appellate review" have been used rather interchangeably in our statutes and procedural rules is illustrated in I.R.C.P. 84, which provides the procedure to be followed in a district court's judicial review of actions of state or local government agencies or officers. Rule 84(a)(2)(C) defines "judicial review" to mean "the district court's review pursuant to statute of actions of agencies, whether the statutory term for review is appeal or judicial review or some other term, and the term judicial review includes other terms like appeal."

■ Finally, the purpose underlying the rule allowing automatic disqualification of trial judges supports a conclusion that the Supreme Court did not intend it to apply to judges conducting judicial review of state or local agency actions. The purpose of the rule permitting disqualification of a judge without cause is "to insure a fair tribunal by allowing a party to disqualify a judge thought to be unfair or biased." *Jahnke v. Moore,* 112 Idaho 944, 946, 737 P.2d 465, 467 (Ct. App.1987). A party who believes that the assigned judge may be biased or harbor animosity toward the party or counsel may obtain disqualification without the proof that would be necessary to disqualify the judge for cause. The Supreme Court may have thought this right important at the trial court level because it is within the province of trial judges to make factual findings and discretionary decisions that are subject to only deferential review on appeal. A trial court's findings of fact may not be set aside on appeal unless there is no substantial and competent evidence to support the findings, *Watts v. Krebs,* 131 Idaho 616, 619, 962 P.2d 387, 390 (1998); *Wood v. Hoglund,* 131 Idaho 700, 702, 963 P.2d 383, 385 (1998); *Freeman & Co. v. Bolt,* 132 Idaho 152, 160, 968 P.2d 247, 255 (Ct.App.1998), and discretionary decisions will be set aside only for an abuse of discretion. *Gerstner v. Washington Water Power Co.,* 122 Idaho 673, 677, 837 P.2d 799,

803 (1992); *Rohr v. Rohr,* 118 Idaho 689, 693, 800 P.2d 85, 89 (1990). Hence, a party who believes that the trial judge's findings or discretionary rulings are tinged with bias may have a low expectation of obtaining a remedy on appeal.

This broad discretion that is vested in trial judges in ordinary civil actions is not, however, applicable to district judges sitting in review of state or local agency decisions pursuant to the Idaho Administrative Procedures Act (APA), I.C. § 67–5201, *et seq.* The authority of a district judge sitting in that role is subject to constraints similar to those that restrict an appellate court. A district judge conducting a review under the APA may not substitute his or her judgment for that of the agency as to the weight of the evidence on questions of fact, and the judge generally must affirm the agency action unless the judge determines that the agency's decision violated constitutional or statutory law, was rendered on the basis of unlawful procedure, was not supported by substantial evidence, or was arbitrary, capricious, or an abuse of discretion. *See* I.C. § 67–5279; *Castaneda v. Brighton Corp.,* 130 Idaho 923, 925–26, 950 P.2d 1262, 1264–65 (1998). The opportunity for bias to taint a judicial decision rendered under these constraints is substantially less than in other civil cases where the judge has authority to make findings, resolve evidentiary issues, determine the credibility of witnesses, and render a multitude of discretionary decisions. Further, the issues to be resolved by the district court on judicial review of agency actions are generally issues of law, which are subject to *de novo* review, not deference, on appeal to this Court or to the Idaho Supreme Court. Thus, parties who believe the district judge's decision was tainted by bias have a full opportunity for remedy on appeal. In short, the role and scope of authority of a judge conducting a judicial review under the APA is more analogous to that of an appellate court judge than that of a trial court judge. Consequently, it is logical and consistent to treat a district judge in a judicial review action like an appellate judge for purposes of application of I.R.C.P. 40(d)(1)(I)(i).

For all of the foregoing reasons, we conclude that Rule 40(d)(1)(I)(i), precluding the disqualification without cause of a judge sitting in an appellate capacity, is applicable to district judges conducting judicial review of state or local agency actions under the APA. Therefore, Arthur's motion to disqualify the district judge was correctly denied.

### B. Timeliness of Petition for Judicial Review

#### 1. The Board was not an "agency" authorized by the APA to reconsider its decision.

We turn now to Arthur's contention that the district court was incorrect in holding that Arthur's petition for judicial review of the Board's action was time-barred. Arthur asserts that his May 11 motion for reconsideration of the Board's May 6 order tolled the time period for filing a petition for judicial review.

Resolution of this issue begins with our consideration of the Local Land Use Planning Act (LLUPA), I.C. § 67–6501, *et seq.* LLUPA governs certain land use planning proceedings of local governments, including the processing of applications for conditional use permits. *See* I.C. § 67–6512. Section 67–6521(1)(d) authorizes a person aggrieved by a local government's final action on a permit to seek judicial review as follows:

> (d) An affected person aggrieved by a decision may within twenty-eight (28) days after all remedies have been exhausted under local ordinances seek judicial review as provided by chapter 52, title 67, Idaho Code.

Because Arthur's petition for judicial review was filed on the thirtieth day after the Board's May 6 decision, the petition was untimely under § 67–6521(1)(d) unless Arthur's motion for reconsideration tolled the period for judicial review.

■ The district court held that the motion for reconsideration was of no effect because no county ordinance authorized such a motion or empowered the Board to reconsider its decision on appeal from the P & Z's denial of a conditional use permit. Thus, the district court reasoned that, in the language of § 67–6521(1)(d), "all remedies [had] been exhausted under the local ordinances" upon issuance of the Board's May 6 order, and the twenty-eight-day period for filing a petition for judicial review began running on that date.

■ On appeal, Arthur acknowledges that no Shoshone County ordinance authorized his motion for reconsideration. He argues, however, that provisions of the Administrative Procedures Act authorized the motion and caused the Board's decision to become final and subject to judicial review only upon disposition of the motion for reconsideration. Arthur relies upon I.C. §§ 67–5246(4) and (5) of the APA, which state:

> (4) Unless otherwise provided by statute or rule, any party may file a motion for reconsideration of any final order issued by the agency head within fourteen (14) days of the issuance of that order. The agency head shall issue a written order disposing of the petition. The petition is deemed denied if the agency head does not dispose of it within twenty-one (21) days after the filing of the petition.

> (5) Unless a different date is stated in a final order, the order is effective fourteen (14) days after its issuance if a party has not filed a petition for reconsideration. If a party has filed a petition for reconsideration with the agency head, the final order becomes effective when:

>> (a) the petition for reconsideration is disposed of; or

>> (b) the petition is deemed denied because the agency head did not dispose of the petition within twenty-one (21) days.

Another section of the APA, I.C. § 67–5273(2), authorizes a petition for judicial review within twenty-eight days of an agency's final order, but, unlike LLUPA, specifically provides that if reconsideration by the agency has been sought, the petition for judicial review may be filed within twenty-eight days after the decision on the petition for reconsideration.[2] According to Arthur, a county

---

2. Section 67–5273(2) provides:

A petition for judicial review of a final order

board of commissioners is an "agency" as that term is used in the APA. Therefore, he argues, the Board possessed authority under § 67–5246 to reconsider its May 6 order and, pursuant to § 67–5246(5)(b), the time for filing his petition for judicial review did not begin to run until twenty-one days after he filed the motion for reconsideration.

■■■ Arthur's argument raises an issue of statutory construction, which is subject to our free review. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 221, 912 P.2d 106, 108 (1996); *Harris v. Dep't of Health & Welfare*, 123 Idaho 295, 297, 847 P.2d 1156, 1158 (1992). Interpretation of a statute begins with an examination of the statute's literal words. *In re Permit No. 36–7200*, 121 Idaho 819, 823, 828 P.2d 848, 852 (1992); *Ada County v. Gibson*, 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct.App.1995). If the language of the statute is unambiguous, "the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *Ada County Assessor v. Roman Catholic Diocese*, 123 Idaho 425, 428, 849 P.2d 98, 101 (1993). *See also Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996); *State v. Watts*, 131 Idaho 782, 784, 963 P.2d 1219, 1221 (Ct.App.1998).

In the present case, the language of the APA belies Arthur's argument. The term "agency" is unambiguously defined in I.C. § 67–5201(2), which provides that, as used in the APA, "agency" means:

each *state* board, commission, department or officer authorized by law to make rules or to determine contested cases, but does not include the legislative or judicial branches, executive officers listed in section 1, article IV, of the constitution of the state of Idaho in the exercise of powers derived directly and exclusively from the constitution, the state militia or the state board of correction.

or a preliminary order that has become final when it was not reviewed by the agency head or preliminary, procedural or intermediate agency action under section 67–5271(2), Idaho Code, must be filed within twenty-eight (28) days of the issuance of the final order, the date when the preliminary order became final, or

(Emphasis added.) By the plain language of this statute only *state* government entities are agencies. A local government entity, such as a county board of commissioners, is not included. The Idaho Supreme Court so held in *Petersen v. Franklin County*, 130 Idaho 176, 938 P.2d 1214 (1997), where, discussing the same statutory definition from the APA, the Court said:

An "agency" is a "*state* board, commission, department or officer authorized by law to make rules or to determine contested cases. . . ." I.C. § 67–5201(2) (emphasis added). Therefore, an agency is a state entity empowered to affect an individual's legal rights or duties. A county board of commissioners does not fall within the definition of an "agency" for purposes of applying the APA in its totality. *See* I.C. § 67–5201(2).

*Id.* at 182, 938 P.2d at 1220 (emphasis in original) (citation omitted).

Because a board of county commissioners does not fall within the APA's definition of "agency," the provisions of I.C. § 67–5246 empowering "agencies" to act on motions for reconsideration did not authorize the Board to reconsider its May 6 order unless § 67–5246 was made applicable to the Board by some other statute.

2. **LLUPA did not incorporate APA provisions regarding motions for reconsideration.**

■■■ Arthur next contends that, even if the Board was not an agency subject to all provisions of the APA, LLUPA incorporated, by reference, those portions of the APA that authorize motions for reconsideration and toll the period for judicial review pending disposition of such motions. He points to the provision in LLUPA, § 67–6521(1)(d), which authorizes judicial review "as provided by chapter 52, title 67, Idaho Code." This language, Arthur contends, incorporates into LLUPA certain provisions of the APA, in-

the issuance of a preliminary, procedural or intermediate agency order, or, if reconsideration is sought, within twenty-eight (28) days after the decision thereon. A cross-petition for judicial review may be filed within fourteen (14) days after a party is served with a copy of the notice of the petition for judicial review.

cluding I.C. § 67–5246(4) and (5). The County responds that § 67–6521(1)(d) incorporates only those APA procedures that relate to the judicial review process, not APA provisions that deal with proceedings conducted by or before the agency, prior to a petition for judicial review.

We conclude that the County's position is correct. Section 67–6521(1)(d) specifies that "after all remedies have been exhausted under local ordinances," an aggrieved person may "seek judicial review as provided by chapter 52, title 67, Idaho Code." This statute unambiguously calls for exhaustion of administrative remedies under local ordinances, not under provisions of the APA. It calls for application of only those APA provisions that govern judicial review. Nothing in § 67–6521(1)(d) suggests a legislative intent to incorporate into LLUPA portions of the APA authorizing state agency proceedings that occur prior to the initiation of judicial review. Consequently, we hold that LLUPA did not, by its reference to the APA, authorize Arthur's motion for reconsideration. It follows that the motion did not postpone the time limit for filing Arthur's petition for judicial review.

### 3. *Eastern Idaho Health Serv. v. Burtenshaw* is not applicable.

In reaching this decision we have considered, but do not deem controlling, the Idaho Supreme Court's decision in *Eastern Idaho Health Serv. v. Burtenshaw*, 122 Idaho 904, 841 P.2d 434 (1992). There, a county board of commissioners had assessed interest and penalties for a hospital's late payment of property taxes. The Supreme Court considered whether a motion filed with the board for reconsideration of the assessment had tolled the period for an appeal to the district court. A majority of the Supreme Court held that although a twenty-day period for filing a notice of appeal from the board's original decision had expired before a notice was filed, the appeal was timely by virtue of

the motion for reconsideration. The majority reached this decision by application of Idaho Appellate Rule 14, which provides:

> The time for an appeal from any civil judgment, order or decree in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action ..., in which case the appeal period for all judgments, orders and decrees commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

We conclude that the *Burtenshaw* decision does not govern here, and hence does not require application of the tolling provisions of I.A.R. 14(a), because subsequent to that decision, the Idaho Supreme Court adopted I.R.C.P. 84, which specifically governs judicial review of a local government action.[3] Rule 84(e)(1) provides in pertinent part:

> A petition for judicial review from an agency[4] to district court must be filed with the appropriate district court within twenty-eight (28) days after the agency action is ripe for judicial review under the statute authorizing judicial review, unless a different time is prescribed by statute, but the time for filing a petition for judicial review is extended as provided in the next sentence. *When the decision to be reviewed is issued by an agency with authority to reconsider its decision,* the running of the time for petition for judicial review is suspended by a timely motion for reconsideration, and the full time for petition for judicial review commences to run and is computed from the date of any decision on reconsideration, the date of any decision denying reconsideration, or the date that reconsideration is deemed to be denied by statute by inaction on a petition for reconsideration.

(Emphasis added.) Under this rule, a motion for reconsideration will extend the period for a petition for judicial review only if the

---

**3.** Rule 84(a)(1) states that Rule 84 "provides the procedure to be followed when statute provides for the district court's judicial review of ... actions of a local government, its officers or its units."

**4.** For purposes of Rule 84, "agency" is defined to mean "any board, commission, department, or officer for which statute provides for the district court's judicial review of the agency's action." I.R.C.P. 84(a)(2)(B).

agency possessed authority to reconsider its initial decision. Because Rule 84(e) is more recent and more specifically applicable to actions for judicial review of local government decisions than is I.A.R. 14, we do not believe that the *Burtenshaw* decision calls for application of I.A.R. 14 in the present case. *See Roe v. Harris,* 128 Idaho 569, 572, 917 P.2d 403, 406 (1996) ("[I]n cases of conflicts, a later or more specific statute controls over an earlier or more general statute."); *Tomich v. City of Pocatello,* 127 Idaho 394, 400, 901 P.2d 501, 507 (1995) (A later and more specific statement of the legislature's intent is applicable); *Ausman v. State,* 124 Idaho 839, 842, 864 P.2d 1126, 1129 (1993) ("A specific statute, and by analogy a specific rule of civil or criminal procedure, controls over a more general statute when there is any conflict between the two or when the general statute is vague or ambiguous."); *Mickelsen v. City of Rexburg,* 101 Idaho 305, 307, 612 P.2d 542, 544 (1980) ("[T]o the extent of a conflict between the earlier and later statute … the more recent expression of legislative intent prevails [and] a specific statute will control over a general or vague statute when the two are in conflict."); *Dana, Larson, Roubal & Assocs. v. Board of Comm'rs of Canyon County,* 124 Idaho 794, 801, 864 P.2d 632, 639 (Ct.App.1993) ("When two government promulgations are in 'irreconcilable conflict,' the one enacted later in time governs, as does a specific statute when compared to a vague statute.").

As we have explained above, the Board in the present case had no authority to reconsider its initial decision on Arthur's appeal from the P & Z's denial of his application for a conditional use permit. Accordingly, the tolling provision of I.R.C.P. 84(e), which extends the period for judicial review when a motion for reconsideration has been filed with an agency empowered to act on such a motion, has no application here. Both I.C. § 67–6521 and I.R.C.P. 84(e) required that Arthur's petition to the district court be filed

within twenty-eight days from the Board's May 6, 1998 decision.

**4. A county ordinance did not enlarge the time for filing a petition for judicial review.**

■ Arthur also argues that his petition was timely under a Shoshone County ordinance relating to judicial review of planning and zoning decisions. At the time relevant to this appeal, the ordinance provided:

> The action of the Board on an appeal from a decision of the Planning Commission shall be final and conclusive unless within sixty (60) days from the date of the action the applicant or affected party or parties make application to a court of competent jurisdiction for judicial review as provided by Idaho Code.[5]

Arthur contends that this ordinance afforded him sixty days to file a petition for review of the Board's May 6 decision, and that his petition is therefore timely.

■ This argument is unmeritorious because the ordinance's provision allowing sixty days for a petition for judicial review conflicts with the twenty-eight-day limitation in I.C. § 67–6521(1)(d) and is therefore ineffective. The Idaho Constitution, Article XII, § 2, provides, "Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations *as are not in conflict* with its charter or *with the general laws.*" (Emphasis added.) This constitutional provision imposes an express limitation on a county's legislative powers. *Gumprecht v. City of Coeur d'Alene,* 104 Idaho 615, 617, 661 P.2d 1214, 1216 (1983) (holding that proposed initiative to adopt zoning ordinance conflicted with procedures under LLUPA for adoption of planning and zoning ordinances and, therefore, the district court properly enjoined the initiative election). A local ordinance that conflicts with a state law, or is preempted by state regulation of the subject

---

5. This ordinance was initially adopted in 1977, at a time when I.C. § 67–6521(1)(d) also authorized a sixty-day period for seeking judicial review. 1975 Idaho Sess. Laws, ch. 188, § 2, p. 525. However, in 1993 the legislature amended the statute to shorten the time allowance to twenty-

eight days. 1993 Idaho Sess. Laws, ch. 216, § 113, p. 679. As of the date of Arthur's petition for judicial review, Shoshone County had not amended its ordinance to conform to the change in state law.

matter, is void. *Envirosafe Serv. of Idaho v. County of Owyhee*, 112 Idaho 687, 689, 735 P.2d 998, 1000 (1987) (holding that county ordinances purporting to regulate hazardous waste disposal and PCB disposal were preempted by state law). Thus, the Shoshone County ordinance at issue here, insofar as it purports to allow a sixty-day period to petition for judicial review of a land use decision, is preempted by I.C. § 67–6521(1)(d) and is void.[6]

### 5. Arthur's constitutional argument was not raised below.

As his final argument for the timeliness of his petition, Arthur asserts that, taken collectively, the three pertinent laws, I.C. § 67–6521(1)(d) of LLUPA, § 67–5246 of the APA, and the county ordinance, are so confusing and conflicting as to be unconstitutionally vague and ambiguous. Arthur contends that, if he misinterpreted these laws, it was because the laws themselves misled him, and he should be excused from compliance with the twenty-eight-day time limit because the entire legal framework is unconstitutional.

 Our review of the record indicates that this constitutional issue was not raised or argued before the district court. It is well settled that an issue not presented to the court below will not be considered on appellate review. *Kinsela v. State, Dept. of Finance*, 117 Idaho 632, 634, 790 P.2d 1388, 1390 (1990). *See also Manookian v. Blaine County*, 112 Idaho 697, 735 P.2d 1008 (1987); *State ex rel. Evans v. Click*, 102 Idaho 443, 631 P.2d 614 (1981). Accordingly, we will not address the constitutional challenge that Arthur raises for the first time on appeal.

### CONCLUSION

Arthur's motion to disqualify the district judge was properly denied because I.R.C.P. 40(d)(1) does not authorize disqualification without cause of a judge conducting a judicial review of a decision of a local government entity. Arthur's petition for judicial review of the Board's order denying his application

for a conditional use permit was untimely. Provisions of the APA extending the time for a judicial review petition when a motion for reconsideration has been filed are inapplicable, and a Shoshone County ordinance purporting to allow sixty days for a judicial review petition is preempted by state law establishing a twenty-eight-day time limit. Accordingly, the district court correctly determined that Arthur's petition for judicial review was time-barred.

The district court's order dismissing Arthur's petition is affirmed. Costs on appeal are awarded to respondent pursuant to I.A.R. 40.

Chief Judge PERRY and Judge SCHWARTZMAN CONCUR.

---

**6.** Arthur does not contend that by reason of the sixty-day provision in the ordinance the County should be estopped from denying the timeliness of his petition for judicial review. In the proceedings before the district court, Arthur's attorney acknowledged that she was not misled by this ordinance and was aware of the conflicting state statute.